1  VILLARREAL HUTNER PC
   LARA VILLARREAL HUTNER, ESQ., Cal. Bar No. 178639
2  E-Mail: lhutner@vhattorneys.com
   DANIELLE L. PENER, ESQ., Cal. Bar No. 217355
3  E-Mail: dpener@vhattorneys.com
   One Market Street, 35th Floor
4  San Francisco, California  94105
   Telephone: 415.543.4200
5  Facsimile: 415.449.6897

6  Attorneys for Defendants
   SVC-WEST, L.P., and SHELL VACATIONS
7  CM CORP., formerly known as SHELL
   DEVELOPMENT CORP-SAN FRANCISCO
8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                        SAN FRANCISCO DIVISION
11

12 | JAMES GUERIN, an individual,                | CASE NO. C 07-03153 EMC
13 |         Plaintiff,                          | **DEFENDANTS SVC-WEST, L.P., AND SHELL VACATIONS CM CORP.'S ANSWER TO PLAINTIFF'S COMPLAINT**
14 |    v.                                       |
15 | SHELL VACATIONS CLUB, LLC d/b/a             | **JURY TRIAL DEMANDED**
   | SVC-WEST L.P. d/b/a SHELL VACATIONS         |
16 | CM CORP d/b/a SHELL DEVELOPMENT             | Trial Date:         None set.
   | CORP-SAN FRANCISCO and                      |
17 | JOHN CARTER, an individual,                 |
18 |         Defendant.                          |

Defendants SVC-West, L.P., and SHELL VACATIONS CM CORP., formerly known as SHELL DEVELOPMENT CORP-SAN FRANCISCO (collectively, "Shell") erroneously named as SHELL VACATIONS CLUB, LLC d/b/a SVC-WEST L.P. d/b/a SHELL VACATIONS CM CORP d/b/a SHELL DEVELOPMENT CORP-SAN FRANCISCO, hereby answer the Complaint filed by Plaintiff James Guerin ("Plaintiff") in the United States District Court, Northern District of California, San Francisco Division, Case No. C 07-03153 EMC, as follows:

## JURISDICTION

1. The allegations contained in paragraph 1 of Plaintiff's Complaint are legal conclusions and contain no factual allegations requiring admissions or denials by Shell.

## INTRADISTRICT ASSIGNMENT

2. The allegations contained in paragraph 2 of Plaintiff's Complaint are legal conclusions and contain no factual allegations requiring admissions or denials by Shell. Further, Shell denies that any unlawful actions occurred.

3. Shell is informed and believes and, on that basis, admits that Plaintiff was a resident of the State of California, County of San Francisco or Napa. Shell admits only that Plaintiff was employed by SVC-West, L.P., and Shell Vacations CM Corp., formerly known as Shell Development Corp–San Francisco. Shell admits that the employment relationship between it and Plaintiff was "made in and to be performed in" San Francisco and Napa. Shell further admits that Plaintiff worked for it in Napa, California, and that throughout Plaintiff's employment with Shell, John Carter was Shell's Regional Director of Marketing and Plaintiff's manager. Shell denies the remaining allegation in paragraph 3.

4. Shell admits that Plaintiff's employers were SVC-West, L.P., and Shell Vacations CM Corp., formerly known as Shell Development Corp–San Francisco. SVC-West, L.P., is a California Limited Partnership and Shell Vacations CM Corp. is an Illinois corporation. Shell also admits that Mr. Carter "did business" in San Francisco and Napa on behalf of Shell.

1          5.     Shell admits that Plaintiff began working for Shell and Mr. Carter on June 27, 2003. Shell denies that Plaintiff suffered any injuries as a result of this employment relationship.

        7.[1]     Shell lacks sufficient information to admit or deny the allegations in paragraph 7, and on that basis denies them. The last allegation contained in paragraph 7 is a legal conclusion and contains no factual allegations requiring admissions or denials by Shell.

        8.     Shell lacks sufficient information to admit or deny the allegations in paragraph 8, and it therefore denies those allegations. The last allegation contained in paragraph 8 is a legal conclusion and contains no factual allegations requiring admissions or denials by Shell.

**FACTUAL BACKGROUND**

        9.     Shell admits that it hired Plaintiff on June 27, 2003, and that he was recruited to work for Shell by Scott Hall and Mr. Carter, with whom he had previously worked. Shell further admits that Plaintiff accepted employment as Shell's OPC-Concierge PM Supervisor. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 9 and on that basis denies them.

        10.     Shell, on information and belief, admits that Plaintiff is "a Caucasian male," "is a recovering alcoholic and has been for approximately the last eight years," and is "a gay male." The remaining allegations contained in paragraph 10 are legal conclusions and contain no factual allegations requiring admissions or denials by Shell.

        11.     Shell, on information and belief, admits that Plaintiff was sober and a recovering alcoholic when he began his employment with Shell. Shell denies the remaining allegations in paragraph 11.

        12.     Shell admits that Plaintiff initially reported to Scott Hall until September of 2003. Shell admits that while under Mr. Hall's supervision during 2003, Plaintiff's performance was very good. Shell admits that Plaintiff replaced Mr. Hall as In-House Concierge Manager in

---

[1] As Plaintiff skipped paragraph 6 in his Complaint, Shell has followed Plaintiff's incorrect numbering to avoid any confusion with this Answer.

September of 2003, when he began reporting directly to Mr. Carter.  Shell denies the allegation that Plaintiff "increased the profitability of each concierge marketing program . . . and decreased each program's expenses."  Shell admits that in his position as In-House Concierge Manager, Plaintiff received excellent feedback from Mr. Carter.  Shell lacks sufficient information to admit or deny whether Plaintiff regularly made his commissions as In-House Concierge Manager, and on that basis denies it.  As to the last allegation in the paragraph, Shell admits only that Mr. Carter promoted Plaintiff to the Napa Director of Marketing position effective January 15, 2006, and that his compensation increased at that time.

13. Shell denies all of the allegations contained in paragraph 13 except Shell is informed and believes and, on that basis, admits that Plaintiff commuted between San Francisco and Napa while working in Napa and assisting his replacement between December of 2005 and April of 2006, and admits that Plaintiff was not responsible for the construction of the hotel in Napa.

14. Shell denies the allegations contained in paragraph 14.

15. Shell denies the allegations contained in paragraph 15.

16. Shell denies the first allegation contained in paragraph 16.  Shell lacks sufficient information regarding the remaining allegations contained in paragraph 16 and on that basis denies them.

17. Shell denies the allegations contained in paragraph 17.

18. Shell denies the allegations contained in paragraph 18.

19. Shell denies the first and second allegations in paragraph 19.  As to the third allegation, that Plaintiff had health issues, Shell lacks sufficient information regarding that allegation to admit or deny, and on that basis denies it.  Shell denies the remaining allegations in paragraph 19.

20. Shell denies the first allegation in paragraph 20.  Shell lacks sufficient information regarding the second allegation in paragraph 20 to admit or deny, and on that basis denies it.  Shell admits that Plaintiff resigned on or about June 21, 2006.

**FIRST CAUSE OF ACTION**

21.     Shell incorporates by reference its allegations, admissions, and denials as set forth in paragraphs 1 through 20, inclusive.

22.     Shell lacks sufficient information to admit or deny the first allegation in paragraph 22, and on that basis denies it. The second allegation is a legal conclusion and contains no factual allegations requiring admissions or denials by Shell.

23.     Shell admits that it is an employer under 42 United States Code section 12111(5)(A). The second allegation is a legal conclusion and contains no factual allegations requiring admissions or denials by Shell.

24.     Shell denies the allegations in paragraph 24.

25.     Shell denies the allegations in paragraph 25.

26.     Shell denies the allegations in paragraph 26.

27.     Shell denies the allegations in paragraph 27.

28.     Shell denies the allegations in paragraph 28.

29.     Shell denies the allegations in paragraph 29.

30.     Shell denies the allegations in paragraph 30.

**SECOND CAUSE OF ACTION**

31.     Shell incorporates by reference its allegations, admissions, and denials as set forth in paragraphs 1 through 30, inclusive.

32.     Shell denies the allegations in paragraph 32.

33.     Shell denies the allegations in paragraph 33.

34.     Shell denies the allegations in paragraph 34.

35.     Shell denies the allegations in paragraph 35.

36.     Shell denies the allegations in paragraph 36.

37.     Shell denies the allegations in paragraph 37.

38.     Shell denies the allegations in paragraph 38.

39.     Shell denies the allegations in paragraph 39.

**THIRD CAUSE OF ACTION**

40. Shell incorporates by reference its allegations, admissions, and denials as set forth in paragraphs 1 through 39, inclusive.

41. Shell admits that it is an employer subject to California Government Code section 12900 *et. seq.* The second allegation in paragraph 41 is a legal conclusion and contains no factual allegations requiring admissions or denials by Shell. Shell lacks sufficient information regarding the last allegation in paragraph 41 to admit or deny, and on that basis denies it.

42. Shell, on information and belief, admits the first allegation in paragraph 42. Shell admits the second allegation in paragraph 42. Shell denies the remaining allegations in paragraph 42.

43. Shell lacks sufficient information to admit or deny that Plaintiff "could and did perform the essential functions of his Director of Marketing position," and on that basis denies it. Shell further denies any detrimental action alleged against Mr. Carter or that Shell accepted or ratified any such conduct. Shell denies the remaining allegations in paragraph 43.

44. Shell denies the allegations in paragraph 44.

45. Shell denies the allegations in paragraph 45.

46. Shell denies the allegations in paragraph 46.

47. Shell denies the allegations in paragraph 47.

**FOURTH CAUSE OF ACTION**

48. Shell incorporates by reference its allegations, admissions, and denials as set forth in paragraphs 1 through 47, inclusive.

49. Shell lacks sufficient information to admit or deny the first allegation in paragraph 49, and on that basis denies it. The second allegation is a legal conclusion and contains no factual allegations requiring admissions or denials by Shell.

50. Shell admits the first allegation in paragraph 50. The second allegation is a legal conclusion and contains no factual allegations requiring admissions or denials by Shell.

51. Shell denies the allegations in paragraph 51.

52. Shell denies the allegations in paragraph 52.

| | | |
|---|---|---|
| 1 | 53. | Shell denies the allegations in paragraph 53. |
| 2 | 54. | Shell denies the allegations in paragraph 54. |
| 3 | 55. | Shell denies the allegations in paragraph 55. |
| 4 | 56. | Shell denies the allegations in paragraph 56. |

**FIFTH CAUSE OF ACTION**

57. Shell incorporates by reference its allegations, admissions, and denials as set forth in paragraphs 1 through 56, inclusive.

58. Shell denies the allegations in paragraph 58.

59. Shell denies the allegations in paragraph 59.

60. Shell denies the allegations in paragraph 60.

61. Shell denies the allegations in paragraph 61.

62. Shell denies the allegations in paragraph 62.

63. Shell denies the allegations in paragraph 63.

64. Shell denies the allegations in paragraph 64.

**SIXTH CAUSE OF ACTION**

65. Shell incorporates by reference its allegations, admissions, and denials as set forth in paragraphs 1 through 64, inclusive.

66. Shell lacks sufficient information to admit or deny the first allegation in paragraph 66, and on that basis denies it. The second allegation is a legal conclusion and contains no factual allegations requiring admissions or denials by Shell.

67. Shell admits that it is an employer within the meaning of 29 United States Code section 2611(4). The second allegation is a legal conclusion and contains no factual allegations requiring admissions or denials by Shell.

68. Shell denies the allegations in paragraph 68.

69. Shell denies the allegations in paragraph 69.

70. Shell denies the allegations in paragraph 70.

71. Shell denies the allegations in paragraph 71.

72. Shell denies the allegations in paragraph 72.

**SEVENTH CAUSE OF ACTION**

73. Shell incorporates by reference its allegations, admissions, and denials as set forth in paragraphs 1 through 72, inclusive.

74. Shell lacks sufficient information regarding whether Plaintiff is an employee covered by California Government Code section 12945.2, and on that basis denies it. The last part of the allegation is a legal conclusion and contains no factual allegations requiring admissions or denials by Shell.

75. Shell admits that it was an employer within the meaning of California Government Code section 12945.2. The last part of the allegation is a legal conclusion and contains no factual allegations requiring admissions or denials by Shell.

76. Shell denies the allegations in paragraph 76.

77. Shell denies the allegations in paragraph 77.

78. Shell denies the allegations in paragraph 78.

79. Shell denies the allegations in paragraph 79.

80. Shell denies the allegations in paragraph 80.

**EIGHTH CAUSE OF ACTION**

81. Shell incorporates by reference its allegations, admissions, and denials as set forth in paragraphs 1 through 80, inclusive.

82. Shell denies the allegations in paragraph 82, except that it lacks sufficient information to admit or deny the allegation by Plaintiff that his doctor advised him regarding his medical condition, and on that basis denies it.

83. Shell denies the allegations in paragraph 83.

84. Shell denies the allegations in paragraph 84.

85. Shell denies the allegations in paragraph 85.

86. Shell denies the allegations in paragraph 86.

87. Shell denies the allegations in paragraph 87.

88. Shell denies the allegations in paragraph 88.

## NINTH CAUSE OF ACTION

89. Shell incorporates by reference its allegations, admissions, and denials as set forth in paragraphs 1 through 88, inclusive.

90. Shell denies the allegations in paragraph 90.

91. Shell denies the allegations in paragraph 91.

92. Shell denies the allegations in paragraph 92.

93. Shell denies the allegations in paragraph 93.

94. Shell denies the allegations in paragraph 94.

## TENTH CAUSE OF ACTION

95. Shell incorporates by reference its allegations, admissions, and denials as set forth in paragraphs 1 through 94, inclusive.

96. The allegations in paragraph 96 are legal conclusions and contain no factual allegations requiring admissions or denials by Shell.

97. Shell denies the allegations in paragraph 97.

98. Shell denies the allegations in paragraph 98.

99. Shell denies the allegations in paragraph 99.

100. Shell denies the allegations in paragraph 100.

101. Shell denies the allegations in paragraph 101.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(To All Causes of Action – Failure to State a Claim)**

1. The Complaint and each of the purported causes of action therein fail to state facts sufficient to constitute any cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(To All Causes of Action – Statutes of Limitation)**

2. Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

**(To All Causes of Action – Unclean Hands, Laches, Estoppel, and Waiver)**

3. Plaintiff's claims are barred by the doctrines of unclean hands, laches, estoppel, and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE

**(To All Causes of Action – Lack of Knowledge)**

4. Shell asserts that it had no knowledge of any alleged discrimination, harassment, or other claims alleged by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

**(To All Causes of Action - Damages)**

5. Plaintiff has not suffered any damages as a result of any actions taken by Shell or its agents or representatives and Plaintiff is thus barred from asserting any cause of action against Shell.

### SIXTH AFFIRMATIVE DEFENSE

**(To All Causes of Action – Conformity with Existing Law)**

6. Shell's actions and practices, alleged or actual, were in conformity with common and statutory law, governmental regulations, and industry standards existing at all times alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

**(To All Causes of Action – Performance of Duties)**

7. Plaintiff's Complaint is barred, in whole or in part, because Shell has fully performed any and all statutory and other duties owed to Plaintiff, and therefore, Plaintiff is estopped to assert any causes of action against Shell.

### EIGHTH AFFIRMATIVE DEFENSE

**(To All Causes of Action – At-Will Employment)**

8. Plaintiff's Complaint is barred in whole or in part on the grounds that at all times while employed by Shell, Plaintiff was an at-will employee.

### NINTH AFFIRMATIVE DEFENSE

### (To All Causes of Action – Consent)

9. The alleged causes of action are barred, in whole or in part, because of Plaintiff's ratification, agreement, acquiescence or consent to Shell's alleged conduct.

### TENTH AFFIRMATIVE DEFENSE

### (Causes of Action 1 Through 5 – Failure to Exhaust Administrative Remedies)

10. Plaintiff's claims arising under the Fair Employment and Housing Act, California Government Code section 12940 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 United States Code section 12101 *et seq.*, are barred in whole or in part because he failed to exhaust his administrative remedies.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Causes of Action 1 Through 4, 8 – No Disability Under the Law)

11. Plaintiff's claims of disability discrimination and/or failure to provide reasonable accommodation are barred in whole or in part because Plaintiff does not have a physical or mental disability as defined by California Government Code section 12926 *et seq.*, or the ADA, 42 United States Code section 12101 *et seq*.

### TWELFTH AFFIRMATIVE DEFENSE

### (Causes of Action 1 Through 4, 8 – Failure to Request Reasonable Accommodation)

12. Shell asserts that Plaintiff's claims of disability discrimination, failure to provide reasonable accommodation, and/or constructive termination are barred to the extent Plaintiff failed to request a reasonable accommodation and/or initiate or participate in a meaningful exchange of ideas regarding the availability of reasonable accommodations.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Causes of Action 1 Through 4, 8 – Unreasonable Accommodations)

13. Plaintiff's claims of disability discrimination, failure to provide reasonable accommodation and/or constructive termination are barred to the extent that some or all of Plaintiff's requested accommodations were unreasonable.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Causes of Action 1 Through 4, 8 – Inability to Perform with Reasonable Accommodation)**

14.     Plaintiff's claims are barred because he was unable to perform essential job duties with or without reasonable accommodation.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Causes of Action 1 Through 4, 8 – Undue Hardship)**

15.     Plaintiff's claims are barred because accommodating the Plaintiff's alleged disabilities was not reasonable and would have caused an undue hardship to Shell's operations.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Causes of Action 1 Through 4, 8 – Interactive Process)**

16.     Plaintiff's claims are barred on the grounds that Shell could not engage with Plaintiff in the interactive process to the extent Plaintiff failed to request a reasonable accommodation and/or initiate or participate in a meaningful exchange of ideas regarding the availability of reasonable accommodations.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(As to All Causes of Action – No Authorization or Ratification of**

**Alleged Wrongful Conduct)**

17.     Shell affirmatively alleges that any alleged wrongful conduct toward Plaintiff was not authorized, ratified or approved by Shell.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(As to All Causes of Action – Not "Unlawful")**

18.     Plaintiff's claims are barred, in whole or in part, because Shell's business or employment practices are not, and were not, "unlawful."

**NINETEENTH AFFIRMATIVE DEFENSE**

**(As to All Causes of Action – Reasonable Care)**

19.     Shell exercised reasonable care to prevent and correct harassment or other discrimination, if any.

## TWENTIETH AFFIRMATIVE DEFENSE

### (As to Causes of Action 5 and 8 Through 10 – Failure to Take Advantage of Preventive or Corrective Opportunities)

20. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Shell to avoid the alleged harm, if any.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (As to All Causes of Action – Cal. Labor Code § 3600)

21. As this action arises from an employment relationship, any emotional distress or mental anguish allegedly suffered is barred by the exclusive remedy provided by California Labor Code section 3600, *et seq.*, and cannot be compensated for in this present action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (As to All Causes of Action – Cal. Labor Code § 3200/Set Off)

22. As this action arises from an employment relationship, Plaintiff's claims for mental or emotional distress are subject to the exclusive jurisdiction of the California Workers' Compensation Appeals Board (Labor Code section 3200, *et seq.*). Shell also is entitled to a set-off of any recovery Plaintiff may receive and/or could have received from a Workers' Compensation action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (As to Causes of Action 9 and 10 – No Extreme and Outrageous Conduct)

23. Plaintiff's claims for intentional and negligent infliction of emotional distress are barred because Shell's alleged conduct was not extreme and outrageous, and any actions taken were for legitimate business reasons.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (As to Causes of Action 9 and 10 – Concurrent or Alternate Causes of Emotional Distress)

24. To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or of alternate concurrent causes, and not the result of Shell's alleged conduct.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(As to All Causes of Action – Failure to Mitigate)**

25. Plaintiff's failure to mitigate his alleged damages bars Plaintiff from recovery in this action, in whole or in part.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(As to All Causes of Action – Punitive Damages)**

26. The Complaint, including each cause of action alleged therein, fails to state facts sufficient to justify an award of punitive damages in that the Complaint, including each cause of action alleged therein, fails to state sufficient and specific facts to support the underlying allegations of malice, oppression, and fraud.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(As to All Causes of Action – Absence of Malice)**

27. Shell asserts that at all times its employees and agents acted without malice.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(As to All Causes of Action – Protection from Excessive Fines)**

28. Plaintiff's Complaint, to the extent it seeks punitive or exemplary damages, violates Shell's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and in Article I, section 17, of the Constitution of the State of California, and violates Shell's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and in the California Constitution and therefore fails to state a claim upon which punitive or exemplary damages may be awarded.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(As to All Causes of Action – Attorneys' Fees)**

29. Plaintiff's action is without merit, and pursuant to California Government Code section 12965(b) and California Labor Code section 218.5, Shell is entitled to recover its attorneys' fees incurred in defending this action.

13   C 07-03153 EMC
DEFENDANTS SVC-WEST, L.P., AND SHELL VACATIONS CM CORP.'S
ANSWER TO PLAINTIFF'S COMPLAINT

**THIRTIETH AFFIRMATIVE DEFENSE**

**(As to Cause of Action 6 – Actions Not Willful)**

30. Plaintiff's claims are barred because Shell's actions were not "willful" within the meaning of United States Code section 2617.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(As to Causes of Action 6 and 7 – Good Faith Action)**

31. Plaintiff's claims are barred because Shell acted in good faith and with reasonable grounds that its actions were lawful within the meaning of 29 United States Code section 2617 and/or California Government Code section 12945.1 *et seq*.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(As to All Causes of Action – Comparative Fault)**

32. Any damages sustained by Plaintiff were either wholly or in part negligently caused by Plaintiff's own actions, inactions, or delay in acting, and said negligence comparatively reduces the percentage of negligence, if any, by Shell.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(As to All Causes of Action – Contributory Negligence)**

33. Plaintiff was careless and negligent with respect to the matters alleged in the Complaint, and such carelessness and negligence proximately caused or contributed to the happening of the events alleged in the Complaint and the loss and damage complained of, if any.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(As to All Causes of Action – Reservation of Defenses)**

34. Because the Complaint is couched in conclusory terms, Shell cannot anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, if and to the extent such defenses are applicable, is hereby reserved.

WHEREFORE, Shell prays as follows:

1. That Plaintiff takes nothing by way of the Complaint and that judgment be entered in favor of Shell;

2. That the Complaint be dismissed with prejudice;

3. That Shell be awarded its costs of suit, including reasonable attorneys' fees; and,

4. For such other relief as the Court deems just and proper.

Dated: July 27, 2007                    VILLARREAL HUTNER PC

                          By      */s/ LARA VILLARREAL HUTNER*
                                  LARA VILLARREAL HUTNER, ESQ.
                                  DANIELLE L. PENER, ESQ.

                                  Attorneys for Defendants
                                  SVC-WEST, L.P., and SHELL VACATIONS
                                  CM CORP., formerly known as SHELL
                                  DEVELOPMENT CORP-SAN FRANCISCO