1  VILLARREAL HUTNER PC
   LARA VILLARREAL HUTNER, ESQ., Cal. Bar No. 178639
2  E-Mail: lhutner@vhattorneys.com
   One Market Street, 35th Floor
3  San Francisco, California 94105
   Telephone: 415.543.4200
4  Facsimile: 415.449.6897

5  Attorneys for Defendant
   John Carter

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11 | JAMES GUERIN, an individual,          | CASE NO. C 07-03153 EMC
12 |            Plaintiff,                  | **DEFENDANT JOHN CARTER'S ANSWER TO PLAINTIFF'S COMPLAINT**
13 |      v.                                |
14 | SHELL VACATIONS CLUB, LLC d/b/a        | **JURY TRIAL DEMANDED**
   | SVC-WEST L.P. d/b/a SHELL VACATIONS    |
15 | CM CORP d/b/a SHELL DEVELOPMENT        | Trial Date:        None set.
   | CORP-SAN FRANCISCO and                 |
16 | JOHN CARTER, an individual,            |
17 |            Defendant.                  |

18

19

20

21

22

23

24

25

26

27

28

Defendant JOHN CARTER ("Mr. Carter") hereby answers the Complaint filed by Plaintiff James Guerin ("Plaintiff") in the United States District Court, Northern District of California, San Francisco Division, Case No. C 07-03153 EMC, as follows:

## JURISDICTION

1. The allegations contained in paragraph 1 of Plaintiff's Complaint are legal conclusions and contain no factual allegations requiring admissions or denials by Mr. Carter.

## INTRADISTRICT ASSIGNMENT

2. The allegations contained in paragraph 2 of Plaintiff's Complaint are legal conclusions and contain no factual allegations requiring admissions or denials by Mr. Carter. Further, Mr. Carter denies that any unlawful actions occurred.

3. Mr. Carter is informed and believes and, on that basis, admits that Plaintiff was a resident of the State of California, County of San Francisco or Napa. Mr. Carter lacks sufficient information regarding whether Plaintiff's employer was SVC-West, L.P., and Shell Vacations CM Corp., formerly known as Shell Development Corp—San Francisco (collectively, "Shell"), and on that basis denies this allegation. Mr. Carter admits that the employment relationship between Shell and Plaintiff was "made in and to be performed in" San Francisco and Napa. Mr. Carter further admits that Plaintiff worked for Shell in Napa, California, and that throughout Plaintiff's employment with Shell, Mr. Carter was Shell's Regional Director of Marketing and Plaintiff's manager. Mr. Carter denies the remaining allegation in paragraph 3.

4. Mr. Carter lacks sufficient information regarding the first allegation in this paragraph, and on that basis denies it. Mr. Carter admits that he worked for Shell in San Francisco and Napa during the relevant time period.

5. Mr. Carter admits that Plaintiff began working for Shell and Mr. Carter on June 27, 2003. Mr. Carter denies that Plaintiff suffered any injuries as a result of this employment relationship.

1. 7.[1] Mr. Carter lacks sufficient information to admit or deny the allegations in paragraph 7, and on that basis denies them. The last allegation contained in paragraph 7 is a legal conclusion and contains no factual allegations requiring admissions or denials by Mr. Carter.

2. 8. Mr. Carter lacks sufficient information to admit or deny the allegations in paragraph 8, and he therefore denies those allegations. The last allegation contained in paragraph 8 is a legal conclusion and contains no factual allegations requiring admissions or denials by Mr. Carter.

## FACTUAL BACKGROUND

9. Mr. Carter admits that Shell hired Plaintiff on June 27, 2003 and that Plaintiff was recruited to work for Shell by Scott Hall and Mr. Carter, with whom he had previously worked. Mr. Carter further admits that Plaintiff accepted employment as Shell's OPC-Concierge PM Supervisor. Mr. Carter lacks sufficient information to admit or deny the remaining allegations in paragraph 9 and on that basis denies them.

10. Mr. Carter, on information and belief, admits that Plaintiff is "a Caucasian male," "is a recovering alcoholic and has been for approximately the last eight years," and is "a gay male." The remaining allegations contained in paragraph 10 are legal conclusions and contain no factual allegations requiring admissions or denials by Mr. Carter.

11. Mr. Carter, on information and belief, admits that Plaintiff was sober and a recovering alcoholic when he began his employment with Shell. Mr. Carter denies the remaining allegations in paragraph 11.

12. Mr. Carter admits that Plaintiff initially reported to Scott Hall until September of 2003. Mr. Carter admits that while under Mr. Hall's supervision during 2003, Plaintiff's performance was very good. Mr. Carter admits that Plaintiff replaced Mr. Hall as In-House Concierge Manager in September of 2003, when he began reporting directly to Mr. Carter. Mr. Carter denies the allegation that Plaintiff "increased the profitability of each concierge

---

[1] As Plaintiff skipped paragraph 6 in his Complaint, Mr. Carter has followed Plaintiff's incorrect numbering to avoid any confusion with this Answer.

1  marketing program . . . and decreased each program's expenses." Mr. Carter admits that in his
2  position as In-House Concierge Manager, Plaintiff received excellent feedback from Mr. Carter.
3  Mr. Carter lacks sufficient information to admit or deny whether Plaintiff regularly made his
4  commissions as In-House Concierge Manager, and on that basis denies the same. As to the last
5  allegation in the paragraph, Mr. Carter admits only that he promoted Plaintiff to the Napa Director
6  of Marketing position effective January 15, 2006, and that his compensation increased at that time.

7      13.    Mr. Carter denies all of the allegations contained in paragraph 13 except
8  Mr. Carter is informed and believes and, on that basis, admits that Plaintiff commuted between
9  San Francisco and Napa while working in Napa and assisting his replacement between December
10 of 2005 and April of 2006, and admits that Plaintiff was not responsible for the construction of the
11 hotel in Napa.

12     14.    Mr. Carter denies the allegations contained in paragraph 14.

13     15.    Mr. Carter denies the allegations contained in paragraph 15.

14     16.    Mr. Carter denies the first allegation contained in paragraph 16. Mr. Carter
15 lacks sufficient information regarding the remaining allegations contained in paragraph 16, and on
16 that basis denies them.

17     17.    Mr. Carter denies the allegations contained in paragraph 17.

18     18.    Mr. Carter denies the allegations contained in paragraph 18.

19     19.    Mr. Carter denies the first and second allegations in paragraph 19. As to the
20 third allegation, that Plaintiff had health issues, Mr. Carter lacks sufficient information regarding
21 that allegation to admit or deny, and on that basis denies it. Mr. Carter denies the remaining
22 allegations in paragraph 19.

23     20.    Mr. Carter denies the first allegation in paragraph 20. Mr. Carter lacks
24 sufficient information regarding the second allegation in paragraph 20 to admit or deny, and on
25 that basis denies it. Mr. Carter admits that Plaintiff resigned on or about June 21, 2006.

26
27
28

**FIRST CAUSE OF ACTION**

21.  Mr. Carter incorporates by reference its allegations, admissions, and denials as set forth in paragraphs 1 through 20, inclusive.

22.  Mr. Carter lacks sufficient information to admit or deny the first allegation in paragraph 22, and on that basis denies it. The second allegation is a legal conclusion and contains no factual allegations requiring admissions or denials by Mr. Carter.

23.  Mr. Carter lacks sufficient information to admit or deny the first allegation in paragraph 23, and on that basis denies it. The second allegation is a legal conclusion and contains no factual allegations requiring admissions or denials by Mr. Carter.

24.  Mr. Carter denies the allegations in paragraph 24.

25.  Mr. Carter denies the allegations in paragraph 25.

26.  Mr. Carter denies the allegations in paragraph 26.

27.  Mr. Carter denies the allegations in paragraph 27.

28.  Mr. Carter denies the allegations in paragraph 28.

29.  Mr. Carter denies the allegations in paragraph 29.

30.  Mr. Carter denies the allegations in paragraph 30.

**SECOND CAUSE OF ACTION**

31.  Mr. Carter incorporates by reference its allegations, admissions, and denials as set forth in paragraphs 1 through 30, inclusive.

32.  Mr. Carter denies the allegations in paragraph 32.

33.  Mr. Carter denies the allegations in paragraph 33.

34.  Mr. Carter denies the allegations in paragraph 34.

35.  Mr. Carter denies the allegations in paragraph 35.

36.  Mr. Carter denies the allegations in paragraph 36.

37.  Mr. Carter denies the allegations in paragraph 37.

38.  Mr. Carter denies the allegations in paragraph 38.

39.  Mr. Carter denies the allegations in paragraph 39.

**THIRD CAUSE OF ACTION**

40. Mr. Carter incorporates by reference its allegations, admissions, and denials as set forth in paragraphs 1 through 39, inclusive.

41. Mr. Carter lacks sufficient information to admit or deny the first allegation in paragraph 41, and on that basis denies it. The second allegation in paragraph 41 is a legal conclusion and contains no factual allegations requiring admissions or denials by Mr. Carter. Mr. Carter lacks sufficient information regarding the last allegation in paragraph 41 to admit or deny, and on that basis denies it.

42. Mr. Carter, on information and belief, admits the first allegation in paragraph 42. Mr. Carter admits the second allegation in paragraph 42. Mr. Carter denies the remaining allegations in paragraph 42.

43. Mr. Carter lacks sufficient information to admit or deny that Plaintiff "could and did perform the essential functions of his Director of Marketing position," and on that basis denies it. Mr. Carter specifically denies taking any detrimental action or any detrimental behavior by him towards Plaintiff. Mr. Carter denies the remaining allegations in paragraph 43.

44. Mr. Carter denies the allegations in paragraph 44.

45. Mr. Carter denies the allegations in paragraph 45.

46. Mr. Carter denies the allegations in paragraph 46.

47. Mr. Carter denies the allegations in paragraph 47.

**FOURTH CAUSE OF ACTION**

48. Mr. Carter incorporates by reference its allegations, admissions, and denials as set forth in paragraphs 1 through 47, inclusive.

49. Mr. Carter lacks sufficient information to admit or deny the first allegation in paragraph 49, and on that basis denies it. The second allegation is a legal conclusion and contains no factual allegations requiring admissions or denials by Mr. Carter.

50. Mr. Carter lacks sufficient information to admit or deny the first allegation in paragraph 50, and on that basis denies it. The second allegation is a legal conclusion and contains no factual allegations requiring admissions or denials by Mr. Carter.

| | | |
|---|---|---|
| 1 | 51. | Mr. Carter denies the allegations in paragraph 51. |
| 2 | 52. | Mr. Carter denies the allegations in paragraph 52. |
| 3 | 53. | Mr. Carter denies the allegations in paragraph 53. |
| 4 | 54. | Mr. Carter denies the allegations in paragraph 54. |
| 5 | 55. | Mr. Carter denies the allegations in paragraph 55. |
| 6 | 56. | Mr. Carter denies the allegations in paragraph 56. |

**FIFTH CAUSE OF ACTION**

57. Mr. Carter incorporates by reference its allegations, admissions, and denials as set forth in paragraphs 1 through 56, inclusive.

58. Mr. Carter denies the allegations in paragraph 58.

59. Mr. Carter denies the allegations in paragraph 59.

60. Mr. Carter denies the allegations in paragraph 60.

61. Mr. Carter denies the allegations in paragraph 61.

62. Mr. Carter denies the allegations in paragraph 62.

63. Mr. Carter denies the allegations in paragraph 63.

64. Mr. Carter denies the allegations in paragraph 64.

**SIXTH CAUSE OF ACTION**

65. Mr. Carter incorporates by reference its allegations, admissions, and denials as set forth in paragraphs 1 through 64, inclusive.

66. Mr. Carter lacks sufficient information to admit or deny the first allegation in paragraph 66, and on that basis denies it. The second allegation is a legal conclusion and contains no factual allegations requiring admissions or denials by Mr. Carter.

67. Mr. Carter lacks sufficient information to admit or deny the first part of the allegation in paragraph 67 regarding whether Shell is an employer within the meaning of the statute, and on that basis denies it. The second part of the allegation is a legal conclusion and contains no factual allegations requiring admissions or denials by Mr. Carter.

68. Mr. Carter denies the allegations in paragraph 68.

69. Mr. Carter denies the allegations in paragraph 69.

70. Mr. Carter denies the allegations in paragraph 70.

71. Mr. Carter denies the allegations in paragraph 71.

72. Mr. Carter denies the allegations in paragraph 72.

## SEVENTH CAUSE OF ACTION

73. Mr. Carter incorporates by reference its allegations, admissions, and denials as set forth in paragraphs 1 through 72, inclusive.

74. Mr. Carter lacks sufficient information regarding whether Plaintiff is an employee covered by California Government Code section 12945.2, and on that basis denies it. The last part of the allegation is a legal conclusion and contains no factual allegations requiring admissions or denials by Mr. Carter.

75. Mr. Carter lacks sufficient information to admit or deny the first allegation in paragraph 75, and on that basis denies it. The last part of the allegation is a legal conclusion and contains no factual allegations requiring admissions or denials by Mr. Carter.

76. Mr. Carter denies the allegations in paragraph 76.

77. Mr. Carter denies the allegations in paragraph 77.

78. Mr. Carter denies the allegations in paragraph 78.

79. Mr. Carter denies the allegations in paragraph 79.

80. Mr. Carter denies the allegations in paragraph 80.

## EIGHTH CAUSE OF ACTION

81. Mr. Carter incorporates by reference its allegations, admissions, and denials as set forth in paragraphs 1 through 80, inclusive.

82. Mr. Carter denies the allegations in paragraph 82, except that he lacks sufficient information to admit or deny the allegation by Plaintiff that his doctor advised him regarding his medical condition, and on that basis denies it.

83. Mr. Carter denies the allegations in paragraph 83.

84. Mr. Carter denies the allegations in paragraph 84.

85. Mr. Carter denies the allegations in paragraph 85.

86. Mr. Carter denies the allegations in paragraph 86.

87. Mr. Carter denies the allegations in paragraph 87.

88. Mr. Carter denies the allegations in paragraph 88.

### NINTH CAUSE OF ACTION

89. Mr. Carter incorporates by reference its allegations, admissions, and denials as set forth in paragraphs 1 through 88, inclusive.

90. Mr. Carter denies the allegations in paragraph 90.

91. Mr. Carter denies the allegations in paragraph 91.

92. Mr. Carter denies the allegations in paragraph 92.

93. Mr. Carter denies the allegations in paragraph 93.

94. Mr. Carter denies the allegations in paragraph 94.

### TENTH CAUSE OF ACTION

95. Mr. Carter incorporates by reference its allegations, admissions, and denials as set forth in paragraphs 1 through 94, inclusive.

96. The allegations in paragraph 96 are legal conclusions and contain no factual allegations requiring admissions or denials by Mr. Carter.

97. Mr. Carter denies the allegations in paragraph 97.

98. Mr. Carter denies the allegations in paragraph 98.

99. Mr. Carter denies the allegations in paragraph 99.

100. Mr. Carter denies the allegations in paragraph 100.

101. Mr. Carter denies the allegations in paragraph 101.

### AFFIRMATIVE DEFENSES TO CAUSES OF ACTION 5, 9, and 10
### (The only causes of action asserted against Mr. Carter)
### FIRST AFFIRMATIVE DEFENSE
### (As to Causes of Action 5, 9, and 10 – Failure to State a Claim)

1. The Complaint and each of the purported causes of action therein fail to state facts sufficient to constitute any cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(As to Causes of Action 5, 9, and 10 – Statutes of Limitation)**

2. Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation.

**THIRD AFFIRMATIVE DEFENSE**

**(As to Causes of Action 5, 9, and 10 – Unclean Hands, Laches, Estoppel, and Waiver)**

3. Plaintiff's claims are barred by the doctrines of unclean hands, laches, estoppel, and/or waiver.

**FOURTH AFFIRMATIVE DEFENSE**

**(As to Causes of Action 5, 9, and 10 – Lack of Knowledge)**

4. Mr. Carter asserts that he had no knowledge of any alleged discrimination, harassment, or other claims alleged by Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

**(As to Causes of Action 5, 9, and 10 – Damages)**

5. Plaintiff has not suffered any damages as a result of any actions taken by Mr. Carter and Plaintiff is thus barred from asserting any cause of action against Mr. Carter.

**SIXTH CAUSE OF ACTION**

**(As to Causes of Action 5, 9, and 10 – Performance of Duties)**

6. Plaintiff's Complaint is barred, in whole or in part, because Mr. Carter has fully performed any and all statutory and other duties owed to Plaintiff, and therefore, Plaintiff is estopped to assert any causes of action against Mr. Carter.

**SEVENTH CAUSE OF ACTION**

**(As to Causes of Action 5, 9, and 10 – At-Will Employment)**

7. Plaintiff's Complaint is barred in whole or in part on the grounds that at all times while employed by Shell and Mr. Carter, Plaintiff was an at-will employee.

**EIGHTH CAUSE OF ACTION**

**(As to Causes of Action 5, 9, and 10 – Consent)**

8. The alleged causes of action are barred, in whole or in part, because of Plaintiff's ratification, agreement, acquiescence, or consent to Mr. Carter 's alleged conduct.

**NINTH CAUSE OF ACTION**

**(As to Cause of Action 5 – Failure to Exhaust Administrative Remedies)**

9. Plaintiff's claims arising under the Fair Employment and Housing Act, California Government Code section 12940 *et seq.*, are barred in whole or in part because he failed to exhaust his administrative remedies.

**TENTH CAUSE OF ACTION**

**(As to Causes of Action 5, 9, and 10 – Reasonable Care)**

10. Mr. Carter exercised reasonable care to prevent and correct harassment or other discrimination, if any.

**ELEVENTH CAUSE OF ACTION**

**(As to Causes of Action 5, 9, and 10 – Conformity with Existing Law)**

11. Shell's actions and practices, alleged or actual, and therefore Mr. Carter's, were in conformity with common and statutory law, governmental regulations, and industry standards existing at all times alleged in the Complaint.

**TWELFTH CAUSE OF ACTION**

**(As to Causes of Action 5, 9, and 10 – Not Unlawful)**

12. Plaintiff's claims are barred, in whole or in part, because Shell's business or employment practices, and therefore Mr. Carter's, are not, and were not, "unlawful."

**THIRTEENTH CAUSE OF ACTION**

**(As to Causes of Action 5, 9, and 10 – Failure to Take Advantage**

**of Preventive or Corrective Opportunities)**

13. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Shell or Mr. Carter to avoid the alleged harm, if any.

**FOURTEENTH CAUSE OF ACTION**

**(As to Causes of Action 5, 9, and 10 – Cal. Labor Code § 3600)**

14. As this action arises from an employment relationship, any emotional distress or mental anguish allegedly suffered is barred by the exclusive remedy provided by California Labor Code section 3600, *et seq*., and cannot be compensated for in this present action.

**FIFTEENTH CAUSE OF ACTION**

**(As to Causes of Action 5, 9, and 10 – Cal. Labor Code § 3200/Set Off)**

15. As this action arises from an employment relationship, Plaintiff's claims for mental or emotional distress are subject to the exclusive jurisdiction of the California Workers' Compensation Appeals Board (Labor Code section 3200, *et seq*.). Mr. Carter also is entitled to a set-off of any recovery Plaintiff may receive and/or could have received from a Workers' Compensation action.

**SIXTEENTH CAUSE OF ACTION**

**(As to Causes of Action 9 and 10 – No Extreme and Outrageous Conduct)**

16. Plaintiff's claims for intentional and negligent infliction of emotional distress are barred because Mr. Carter's alleged conduct was not extreme and outrageous, and any actions taken were for legitimate business reasons.

**SEVENTEENTH CAUSE OF ACTION**

**(As to Causes of Action 9 and 10 – Concurrent or Alternate Causes of Emotional Distress)**

17. To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or of alternate concurrent causes, and not the result of Mr. Carter's alleged conduct.

### EIGHTEENTH CAUSE OF ACTION

**(As to Causes of Action 5, 9, and 10 – Failure to Mitigate)**

18. Plaintiff's failure to mitigate his alleged damages bars Plaintiff from recovery in this action, in whole or in part.

### NINETEENTH CAUSE OF ACTION

**(As to Causes of Action 5, 9, and 10 – Attorneys' Fees)**

19. Plaintiff's action is without merit, and pursuant to California Government Code section 12965(b) and California Labor Code section 218.5, Mr. Carter is entitled to recover its attorneys' fees incurred in defending this action.

### TWENTIETH CAUSE OF ACTION

**(As to Causes of Action 5, 9, and 10 – Comparative Fault)**

20. Any damages sustained by Plaintiff were either wholly or in part negligently caused by Plaintiff's own actions, inactions, or delay in acting, and said negligence comparatively reduces the percentage of negligence, if any, by Mr. Carter.

### TWENTY-FIRST CAUSE OF ACTION

**(As to Causes of Action 5, 9, and 10 – Contributory Negligence)**

21. Plaintiff was careless and negligent with respect to the matters alleged in the Complaint, and such carelessness and negligence proximately caused or contributed to the happening of the events alleged in the Complaint and the loss and damage complained of, if any.

### TWENTY-SECOND CAUSE OF ACTION

**(As to Causes of Action 5, 9, and 10 – Punitive Damages)**

22. The Complaint, including each cause of action alleged therein, fails to state facts sufficient to justify an award of punitive damages in that the Complaint, including each cause of action alleged therein, fails to state sufficient and specific facts to support the underlying allegations of malice, oppression, and fraud.

## TWENTY-THIRD CAUSE OF ACTION

**(As to Causes of Action 5, 9, and 10 – Absence of Malice)**

23.     Mr. Carter asserts that at all times its employees and agents acted without malice.

## TWENTY-FOURTH CAUSE OF ACTION

**(As to Causes of Action 5, 9, and 10 – Protection from Excessive Fines)**

24.     Plaintiff's Complaint, to the extent it seeks punitive or exemplary damages, violates Mr. Carter's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and in Article I, section 17, of the Constitution of the State of California, and violates Mr. Carter's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and in the California Constitution and therefore fails to state a claim upon which punitive or exemplary damages may be awarded.

## TWENTY-FIFTH CAUSE OF ACTION

**(As to Causes of Action 5, 9, and 10 – Reservation of Defenses)**

25.     Because the Complaint is couched in conclusory terms, Mr. Carter cannot anticipate all defenses which may be applicable to this action.  Accordingly, the right to assert additional defenses, if and to the extent such defenses are applicable, is hereby reserved.

WHEREFORE, Mr. Carter prays as follows:

1.     That Plaintiff takes nothing by way of the Complaint and that judgment be entered in favor of Mr. Carter;

2.     That the Complaint be dismissed with prejudice;

3.     That Mr. Carter be awarded his costs of suit, including reasonable attorneys' fees; and,

4.  For such other relief as the Court deems just and proper.

Dated: August 30, 2007              VILLARREAL HUTNER PC


                                    By    */s/ LARA VILLARREAL HUTNER*
                                          LARA VILLARREAL HUTNER, ESQ.

                                          Attorneys for Defendant
                                          JOHN CARTER