1  VILLARREAL HUTNER PC
   LARA VILLARREAL HUTNER, ESQ., Cal. Bar No. 178639
2  E-Mail: lhutner@vhattorneys.com
   DANIELLE L. PENER, ESQ., Cal. Bar No. 217355
3  E-Mail: dpener@vhattorneys.com
   One Market Street, 35th Floor
4  San Francisco, California  94105
   Telephone: 415.543.4200
5  Facsimile: 415.293.8517

6  Attorneys for Defendants
   SVC-WEST, L.P., SHELL VACATIONS
7  CM CORP., formerly known as SHELL
   DEVELOPMENT CORP-SAN FRANCISCO,
8  and JOHN CARTER

9                  UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                       OAKLAND DIVISION

12
   JAMES GUERIN, an individual,            CASE NO. C 07-03153 CW
13
                Plaintiff,                 **DEFENDANTS SVC-WEST, L.P.,**
14                                         **SHELL VACATIONS CM CORP., AND**
         v.                                **JOHN CARTER'S ANSWER TO**
15                                         **PLAINTIFF'S FIRST AMENDED**
   SHELL VACATIONS CLUB, LLC d/b/a         **COMPLAINT**
16 SVC-WEST L.P. d/b/a SHELL VACATIONS
   CM CORP d/b/a SHELL DEVELOPMENT         **JURY TRIAL DEMANDED**
17 CORP-SAN FRANCISCO and
   JOHN CARTER, an individual,             Trial Date:            January 5, 2009
18
                Defendant.
19

20

21

22

23

24

25

26

27

28

1        Defendants SVC-West, L.P., SHELL VACATIONS CM CORP., formerly known

2    as SHELL DEVELOPMENT CORP-SAN FRANCISCO, (collectively, "Shell") and

3    JOHN CARTER ("Mr. Carter") hereby answer Plaintiff's First Amended Complaint for Damages

4    filed by Plaintiff James Guerin ("Plaintiff") in the United States District Court, Northern District

5    of California, Oakland Division, Case No. C 07-03153 CW, as follows:

6                  **JURISDICTION**

7        1.      The allegations contained in paragraph 1 of Plaintiff's First Amended

8    Complaint are legal conclusions and contain no factual allegations requiring admissions or denials

9    by Shell or Mr. Carter.

10               **INTRADISTRICT ASSIGNMENT**

11       2.      The allegations contained in paragraph 2 of Plaintiff's First Amended

12   Complaint are legal conclusions and contain no factual allegations requiring admissions or denials

13   by Shell or Mr. Carter.  Further, Shell and Mr. Carter deny that any unlawful actions occurred.

14       3.      Shell and Mr. Carter are informed and believe and, on that basis, admit that

15   Plaintiff was a resident of the State of California, County of San Francisco or Napa.  Shell and

16   Mr. Carter admit that the employment relationship between them and Plaintiff was "made in and

17   to be performed in" San Francisco and Napa.  Shell admits that Plaintiff was employed by

18   SVC-West, L.P., and Shell Vacations CM Corp., formerly known as Shell Development Corṕ

19   San Francisco.  Mr. Carter lacks sufficient information regarding whether Plaintiff's employer was

20   SVC-West, L.P., and Shell Vacations CM Corp., and on that basis denies this allegation.  Shell

21   and Mr. Carter admit that Plaintiff worked for Shell in Napa, California, and that throughout

22   Plaintiff́s employment with Shell, Mr. Carter was Shell's Regional Director of Marketing and

23   Plaintiff's manager.  Shell and Mr. Carter deny the remaining allegations in paragraph 3.

24       4.      Shell admits that SVC-West, L.P. is a California Limited Partnership and

25   Shell Vacations CM Corp. is an Illinois corporation.  Mr. Carter lacks sufficient information

26   regarding the first allegation in this paragraph, and on that basis denies it.  Shell and Mr. Carter

27   admit that Mr. Carter worked for Shell in San Francisco and Napa during the relevant time period.

28

5.     Shell and Mr. Carter admit that Plaintiff began working for Shell on June 27, 2003.  Shell and Mr. Carter deny that Plaintiff suffered any injuries as a result of this employment relationship.

6.     Shell and Mr. Carter lack sufficient information to admit or deny the allegations in paragraph 6, and on that basis deny them.

7.     Shell and Mr. Carter lack sufficient information to admit or deny the first two allegations in paragraph 7, and on that basis deny them.  The last allegation contained in paragraph 7 is a legal conclusion and contains no factual allegations requiring admissions or denials by Shell or Mr. Carter.

8.     Shell and Mr. Carter lack sufficient information to admit or deny the allegations in paragraph 8, and therefore deny them.  The last allegation contained in paragraph 8 is a legal conclusion and contains no factual allegations requiring admissions or denials by Shell or Mr. Carter.

## FACTUAL BACKGROUND

9.     Shell and Mr. Carter admit that Shell hired Plaintiff on June 27, 2003, and that he was recruited to work for Shell by Scott Hall and Mr. Carter, with whom Plaintiff previously had worked.  Shell and Mr. Carter further admit that Plaintiff accepted employment as Shell's OPC-Concierge PM Supervisor.  Shell and Mr. Carter lack sufficient information to admit or deny the remaining allegations in paragraph 9 and on that basis deny them.

10.     Shell and Mr. Carter, on information and belief, admit that Plaintiff is "a Caucasian male," "is a recovering alcoholic and has been for approximately the last eight years," and is "a gay male."  The remaining allegations contained in paragraph 10 are legal conclusions and contain no factual allegations requiring admissions or denials by Shell or Mr. Carter.

11.     Shell and Mr. Carter, on information and belief, admit that Plaintiff was sober and a recovering alcoholic when he began his employment with Shell.  Shell and Mr. Carter deny the remaining allegations in paragraph 11.

12.     Shell and Mr. Carter admit that Plaintiff initially reported to Scott Hall until September of 2003.  Shell and Mr. Carter admit that while under Mr. Hall's supervision during

1  2003, Plaintiff's performance was very good.  Shell and Mr. Carter admit that Plaintiff replaced

2  Mr. Hall as In-House Concierge Manager in September of 2003, when he began reporting directly

3  to Mr. Carter.  Shell and Mr. Carter deny the allegation that Plaintiff "increased the profitability of

4  each concierge marketing program . . . and decreased each program's expenses."  Shell and

5  Mr. Carter admit that in his position as In-House Concierge Manager, Plaintiff received excellent

6  feedback from Mr. Carter.  Shell and Mr. Carter lack sufficient information to admit or deny

7  whether Plaintiff regularly made his commissions as In-House Concierge Manager, and on that

8  basis deny it.  As to the last allegation in the paragraph, Shell and Mr. Carter admit only that

9  Mr. Carter promoted Plaintiff to the Napa Director of Marketing position effective

10  January 15, 2006, and that his potential compensation increased at that time.

11  13.  Shell and Mr. Carter deny all of the allegations contained in paragraph 13

12  except Shell and Mr. Carter are informed and believe and, on that basis, admit that Plaintiff

13  commuted between San Francisco and Napa while working in Napa and assisting his replacement

14  in San Francisco between December of 2005 and April of 2006, and admit that Plaintiff was not

15  responsible for the construction of the hotel in Napa.

16  14.  Shell and Mr. Carter deny the allegations contained in paragraph 14.

17  15.  Shell and Mr. Carter deny the allegations contained in paragraph 15.

18  16.  Shell and Mr. Carter deny the first allegation contained in paragraph 16.

19  Shell and Mr. Carter lack sufficient information regarding the remaining allegations contained in

20  paragraph 16 and on that basis deny them.

21  17.  Shell and Mr. Carter deny the allegations contained in paragraph 17.

22  18.  Shell and Mr. Carter deny the allegations contained in paragraph 18.

23  19.  Shell and Mr. Carter deny the first and second allegations in paragraph 19.

24  As to the third allegation, that Plaintiff had health issues, Shell and Mr. Carter lack sufficient

25  information regarding that allegation to admit or deny, and on that basis deny it.  Shell and

26  Mr. Carter deny the remaining allegations in paragraph 19.

27

28

C 07-03153 CW
DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

1    20.    Shell and Mr. Carter deny the first allegation in paragraph 20.  Shell and

2  Mr. Carter lack sufficient information regarding the second allegation in paragraph 20 to admit or

3  deny, and on that basis deny it.  Shell and Mr. Carter admit that Plaintiff resigned on or about

4  June 21, 2006.

5                          **FIRST CAUSE OF ACTION**

6                    **Against Defendant Shell Vacations[1]**

7    21.    Shell incorporates by reference its allegations, admissions, and denials as

8  set forth in paragraphs 1 through 20, inclusive.

9    22.    Shell lacks sufficient information to admit or deny the first allegation in

10  paragraph 22, and on that basis denies it.  The second allegation is a legal conclusion and contains

11  no factual allegations requiring admissions or denials by Shell.

12    23.    Shell admits that it is an employer under 42 United States Code section

13  12111(5)(A).  The second allegation is a legal conclusion and contains no factual allegations

14  requiring admissions or denials by Shell.

15    24.    Shell denies the allegations in paragraph 24.

16    25.    Shell denies the allegations in paragraph 25.

17    26.    Shell denies the allegations in paragraph 26.

18    27.    Shell denies the allegations in paragraph 27.

19    28.    Shell denies the allegations in paragraph 28.

20    29.    Shell denies the allegations in paragraph 29.

21    30.    Shell denies the allegations in paragraph 30.

22

23

24

25

26  _____

27  [1] Defendant John Carter has not responded to the allegations in paragraphs 21-30 because he is not named as a defendant to this cause of action.

28

C 07-03153 CW

**SECOND CAUSE OF ACTION**

**Against Defendant Shell Vacations[2]**

31.    Shell incorporates by reference the allegations, admissions, and denials as set forth in paragraphs 1 through 30, inclusive.

32.    Shell denies the allegations in paragraph 32.

33.    Shell denies the allegations in paragraph 33.

34.    Shell denies the allegations in paragraph 34.

35.    Shell denies the allegations in paragraph 35.

36.    Shell denies the allegations in paragraph 36.

37.    Shell denies the allegations in paragraph 37.

38.    Shell denies the allegations in paragraph 38.

39.    Shell denies the allegations in paragraph 39.

40.    Shell denies the allegations in paragraph 40.

**THIRD CAUSE OF ACTION**

**Against All Defendants**

41.    Shell incorporates by reference the allegations, admissions, and denials as set forth in paragraphs 1 through 40, inclusive.  Mr. Carter incorporates by reference the allegations, admissions, and denials as set forth in paragraphs 1-20, inclusive.

42.    Shell and Mr. Carter deny the allegations in paragraph 42.

43.    Shell and Mr. Carter deny the allegations in paragraph 43.

44.    Shell and Mr. Carter deny the allegations in paragraph 44.

45.    Shell and Mr. Carter deny the allegations in paragraph 45.

46.    Shell and Mr. Carter deny the allegations in paragraph 46.

47.    Shell and Mr. Carter deny the allegations in paragraph 47.

48.    Shell and Mr. Carter deny the allegations in paragraph 48.

---

[2] Defendant John Carter has not responded to the allegations in paragraphs 31-40 because he is not named as a defendant to this cause of action.

C 07-03153 CW
DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDEDCOMPLAINT

49.    Shell and Mr. Carter deny the allegations in paragraph 49.

**FOURTH CAUSE OF ACTION**

**Against Defendant Shell Vacations[3]**

50.    Shell incorporates by reference the allegations, admissions, and denials as set forth in paragraphs 1 through 49, inclusive.

51.    Shell admits that it is an employer under California Government Code section 12900 *et. seq.*  The second allegation in paragraph 51 is a legal conclusion and contains no factual allegations requiring admissions or denials by Shell.  Shell lacks sufficient information regarding the last allegation in paragraph 51 to admit or deny, and on that basis denies it.

52.    Shell, on information and belief, admits the first allegation in paragraph 52. Shell admits the second allegation in paragraph 52.  Shell denies the remaining allegations in paragraph 52.

53.    Shell lacks sufficient information to admit or deny that Plaintiff "could and did perform the essential functions of his Director of Marketing position," and on that basis denies it.  Shell denies the remaining allegations in paragraph 53.

54.    Shell denies the allegations in paragraph 54.

55.    Shell denies the allegations in paragraph 55.

56.    The allegations in paragraph 56 are legal conclusions and contain no factual allegations requiring admissions or denials by Shell.

57.    Shell denies the allegations in paragraph 57.

---

[3] Defendant John Carter has not responded to the allegations in paragraphs 50-57 because he is not named as a defendant to this cause of action.

C 07-03153 CW
DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDEDCOMPLAINT

1

**FIFTH CAUSE OF ACTION**

2

**Against Defendant Shell Vacations[4]**

3       58.    Shell incorporates by reference the allegations, admissions, and denials as

4   set forth in paragraphs 1 through 57, inclusive.

5       59.    Shell lacks sufficient information to admit or deny the first allegation in

6   paragraph 59, and on that basis denies it.  The remaining allegations in paragraph 59 are legal

7   conclusions and contain no factual allegations requiring admissions or denials by Shell.

8       60.    Shell admits the first allegation in paragraph 60.  The second allegation is a

9   legal conclusion and contains no factual allegations requiring admissions or denials by Shell.

10      61.    Shell denies the allegations in paragraph 61.

11      62.    Shell denies the allegations in paragraph 62.

12      63.    Shell denies the allegations in paragraph 63.

13      64.    Shell denies the allegations in paragraph 64.

14      65.    Shell denies the allegations in paragraph 65.

15      66.    Shell denies the allegations in paragraph 66.

16

**SIXTH CAUSE OF ACTION**

17

**Against All Defendants**

18      67.    Shell incorporates by reference the allegations, admissions, and denials as

19   set forth in paragraphs 1 through 66, inclusive.  Mr. Carter incorporates by reference the

20   allegations, admissions, and denials as set forth in paragraphs 1-20 and 41-49, inclusive.

21      68.    Shell and Mr. Carter deny the allegations in paragraph 68.

22      69.    Shell and Mr. Carter deny the allegations in paragraph 69.

23      70.    Shell and Mr. Carter deny the allegations in paragraph 70.

24      71.    Shell and Mr. Carter deny the allegations in paragraph 71.

25      72.    Shell and Mr. Carter deny the allegations in paragraph 72.

26   _____

27   [4] Defendant John Carter has not responded to the allegations in paragraphs 58-66 because he is not
     named as a defendant to this cause of action.

28

73.     Shell and Mr. Carter deny the allegations in paragraph 73.

74.     Shell and Mr. Carter deny the allegations in paragraph 74.

## SEVENTH CAUSE OF ACTION

### Against Defendant Shell Vacations[5]

75.     Shell incorporates by reference the allegations, admissions, and denials as set forth in paragraphs 1 through 74, inclusive.

76.     Shell lacks sufficient information to admit or deny the first allegation in paragraph 76, and on that basis denies it.  The second allegation is a legal conclusion and contains no factual allegations requiring admissions or denials by Shell.

77.     Shell admits that it is an employer within the meaning of 29 United States Code section 2611(4).  The second part of the allegation is a legal conclusion and contains no factual allegations requiring admissions or denials by Shell.

78.     Shell denies the allegations in paragraph 78.

79.     Shell denies the allegations in paragraph 79.

80.     Shell denies the allegations in paragraph 80.

81.     Shell denies the allegations in paragraph 81.

82.     Shell denies the allegations in paragraph 82.

## EIGHTH CAUSE OF ACTION

### Against Defendant Shell Vacations[6]

83.     Shell incorporate by reference the allegations, admissions, and denials as set forth in paragraphs 1 through 82, inclusive.

84.     Shell lacks sufficient information regarding whether Plaintiff is an employee covered by California Government Code section 12945.2, and on that basis denies it.

---

[5] Defendant John Carter has not responded to the allegations in paragraphs 75-82 because he is not named as a defendant to this cause of action.

[6] Defendant John Carter has not responded to the allegations in paragraphs 83-90 because he is not named as a defendant to this cause of action.

C 07-03153 CW
DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDEDCOMPLAINT

1  The last part of the allegation is a legal conclusion and contains no factual allegations requiring

2  admissions or denials by Shell.

3          85.    Shell admits that it is an employer within the meaning of California

4  Government Code section 12945.2. The last part of the allegation is a legal conclusion and

5  contains no factual allegations requiring admissions or denials by Shell.

6          86.    Shell denies the allegations in paragraph 86.

7          87.    Shell denies the allegations in paragraph 87.

8          88.    Shell denies the allegations in paragraph 88.

9          89.    Shell denies the allegations in paragraph 89.

10         90.    Shell denies the allegations in paragraph 90.

11                     **NINTH CAUSE OF ACTION**

12               **Against Defendant Shell Vacations[7]**

13         91.    Shell incorporates by reference the allegations, admissions, and denials as

14  set forth in paragraphs 1 through 90, inclusive.

15         92.    Shell denies the allegations in paragraph 92, except that it lacks sufficient

16  information to admit or deny the allegation by Plaintiff that his doctor advised him regarding his

17  medical condition, and on that basis denies it.

18         93.    Shell denies the allegations in paragraph 93.

19         94.    Shell denies the allegations in paragraph 94.

20         95.    Shell denies the allegations in paragraph 95.

21         96.    Shell denies the allegations in paragraph 96.

22         97.    Shell denies the allegations in paragraph 97.

23         98.    Shell denies the allegations in paragraph 98.

24

25

26  _____

27  [7] Defendant John Carter has not responded to the allegations in paragraphs 91-98 because he is not named as a defendant to this cause of action.

28

DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDEDCOMPLAINT

1

## TENTH CAUSE OF ACTION

2

### Against All Defendants

3      99.     Shell incorporates by reference the allegations, admissions, and denials as

4   set forth in paragraphs 1 through 98, inclusive.  Mr. Carter incorporates by reference the

5   allegations, admissions, and denials as set forth in paragraphs 1-20, 41-49, and 67-74, inclusive.

6      100.    Shell and Mr. Carter deny the allegations in paragraph 100.

7      101.    Shell and Mr. Carter deny the allegations in paragraph 101.

8      102.    Shell and Mr. Carter deny the allegations in paragraph 102.

9      103.    Shell and Mr. Carter deny the allegations in paragraph 103.

10     104.    Shell and Mr. Carter deny the allegations in paragraph 104.

11

## ELEVENTH CAUSE OF ACTION

12

### Against All Defendants

13     105.    Shell incorporates by reference the allegations, admissions, and denials as

14   set forth in paragraphs 1 through 104, inclusive.  Mr. Carter incorporates by reference the

15   allegations, admissions, and denials as set forth in paragraphs 1-20, 41-49, 67-74, and 99-104,

16   inclusive.

17     106.    The allegations in paragraph 106 are legal conclusions and contain no

18   factual allegations requiring admissions or denials by Shell or Mr. Carter.

19     107.    Shell and Mr. Carter deny the allegations in paragraph 107.

20     108.    Shell and Mr. Carter deny the allegations in paragraph 108.

21     109.    Shell and Mr. Carter deny the allegations in paragraph 109.

22     110.    Shell and Mr. Carter deny the allegations in paragraph 110.

23     111.    Shell and Mr. Carter deny the allegations in paragraph 111.

24

25

26

27

28

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(To All Causes of Action – Failure to State a Claim)**

1.      The First Amended Complaint and each of the purported causes of action therein fail to state facts sufficient to constitute any cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(To All Causes of Action – Statutes of Limitation)**

2.      Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation.

**THIRD AFFIRMATIVE DEFENSE**

**(To All Causes of Action – Unclean Hands, Laches, Estoppel, and Waiver)**

3.      Plaintiff's claims are barred by the doctrines of unclean hands, laches, estoppel, and/or waiver.

**FOURTH AFFIRMATIVE DEFENSE**

**(To All Causes of Action – Lack of Knowledge)**

4.      Shell and Mr. Carter assert that they had no knowledge of any alleged discrimination, harassment, or other claims alleged by Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

**(To All Causes of Action - Damages)**

5.      Plaintiff has not suffered any damages as a result of any actions taken by Shell or Mr. Carter or their agents or representatives, and Plaintiff is thus barred from asserting any cause of action against Shell or Mr. Carter.

**SIXTH AFFIRMATIVE DEFENSE**

**(To All Causes of Action – Conformity with Existing Law)**

6.      Shell and Mr. Carter's actions and practices, alleged or actual, were in conformity with common and statutory law, governmental regulations, and industry standards existing at all times alleged in the First Amended Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(To All Causes of Action – Performance of Duties)**

7.    Plaintiff's First Amended Complaint is barred, in whole or in part, because Shell and Mr. Carter have fully performed any and all statutory and other duties owed to Plaintiff, and therefore, Plaintiff is estopped to assert any causes of action against them.

**EIGHTH AFFIRMATIVE DEFENSE**

**(To All Causes of Action – At-Will Employment)**

8.    Plaintiff's First Amended Complaint is barred in whole or in part on the grounds that at all times while employed by Shell, Plaintiff was an at-will employee.

**NINTH AFFIRMATIVE DEFENSE**

**(To All Causes of Action – Consent)**

9.    The alleged causes of action are barred, in whole or in part, because of Plaintiff's ratification, agreement, acquiescence or consent to Shell and Mr. Carter's alleged conduct.

**TENTH AFFIRMATIVE DEFENSE**

**(Causes of Action 1 Through 6 – Failure to Exhaust Administrative Remedies)**

10.    Plaintiff's claims arising under the Fair Employment and Housing Act, California Government Code section 12940 *et seq*., and the Americans with Disabilities Act ("ADA"), 42 United States Code section 12101 *et seq*., are barred in whole or in part because he failed to exhaust his administrative remedies.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Causes of Action 1 Through 5, 9 – No Disability Under the Law)**

11.    Plaintiff's claims of disability discrimination and/or failure to provide reasonable accommodation are barred in whole or in part because Plaintiff does not have a physical or mental disability as defined by California Government Code section 12926 *et seq*., or the ADA, 42 United States Code section 12101 *et seq*.

12

**TWELFTH AFFIRMATIVE DEFENSE**

**(Causes of Action 1 Through 5, 9 – Failure to Request Reasonable Accommodation)**

12.    Plaintiff's claims of disability discrimination, failure to provide reasonable accommodation, and/or constructive termination are barred to the extent Plaintiff failed to request a reasonable accommodation and/or initiate or participate in a meaningful exchange of ideas regarding the need for or availability of reasonable accommodations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Causes of Action 1 Through 5, 9 – Unreasonable Accommodations)**

13.    Plaintiff's claims of disability discrimination, failure to provide reasonable accommodation and/or constructive termination are barred to the extent that some or all of Plaintiff's requested accommodations were unreasonable.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Causes of Action 1 Through 5, 9 – Inability to Perform with Reasonable Accommodation)**

14.    Plaintiff's claims are barred because he was unable to perform essential job duties with or without reasonable accommodation.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Causes of Action 1 Through 5, 9 – Undue Hardship)**

15.    Plaintiff's claims are barred because accommodating Plaintiff's alleged disabilities was not reasonable and would have caused an undue hardship to Shell's operations.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Causes of Action 1 Through 5, 9 – Interactive Process)**

16.    Plaintiff's claims are barred on the grounds that Shell could not engage with Plaintiff in the interactive process to the extent Plaintiff failed to request a reasonable accommodation and/or initiate or participate in a meaningful exchange of ideas regarding the need for or availability of reasonable accommodations.

1

**SEVENTEENTH AFFIRMATIVE DEFENSE**

2

**(As to All Causes of Action – No Authorization or Ratification of**

3

**Alleged Wrongful Conduct)**

4

17.     Shell and Mr. Carter affirmatively allege that any alleged wrongful conduct

5

toward Plaintiff was not authorized, ratified or approved by them.

6

**EIGHTEENTH AFFIRMATIVE DEFENSE**

7

**(As to All Causes of Action – Not "Unlawful")**

8

18.     Plaintiff's claims are barred, in whole or in part, because Shell and

9

Mr. Carter's business or employment practices are not, and were not, "unlawful."

10

**NINETEENTH AFFIRMATIVE DEFENSE**

11

**(As to All Causes of Action – Reasonable Care)**

12

19.     Shell and Mr. Carter exercised reasonable care to prevent and correct

13

harassment or other discrimination, if any.

14

**TWENTIETH AFFIRMATIVE DEFENSE**

15

**(As to Causes of Action 1, 3, 6 and 9 Through 11 – Failure to Take Advantage**

16

**of Preventive or Corrective Opportunities)**

17

20.     Plaintiff unreasonably failed to take advantage of any preventive or

18

corrective opportunities provided by Shell and Mr. Carter to avoid the alleged harm, if any.

19

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

20

**(As to All Causes of Action – Cal. Labor Code § 3600)**

21

21.     As this action arises from an employment relationship, any emotional

22

distress or mental anguish allegedly suffered is barred by the exclusive remedy provided by

23

California Labor Code section 3600, *et seq*., and cannot be compensated for in this present action.

24

25

26

27

28

C 07-03153 CW
DEFENDANTS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (As to All Causes of Action – Cal. Labor Code § 3200/Set Off)

22.    As this action arises from an employment relationship, Plaintiff's claims for mental or emotional distress are subject to the exclusive jurisdiction of the California Workers' Compensation Appeals Board (Labor Code section 3200, *et seq.*). Shell and Mr. Carter also are entitled to a set-off of any recovery Plaintiff may receive and/or could have received from a Workers' Compensation action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (As to Causes of Action 10 and 11 – No Extreme and Outrageous Conduct)

23.    Plaintiff's claims for intentional and negligent infliction of emotional distress are barred because Shell and Mr. Carter's alleged conduct was not extreme and outrageous, and any actions taken were for legitimate business reasons.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (As to Causes of Action 10 and 11 – Concurrent or Alternate Causes of Emotional Distress)

24.    To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or of alternate concurrent causes, and not the result of Shell and Mr. Carter's alleged conduct.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (As to All Causes of Action – Failure to Mitigate)

25.    Plaintiff's failure to mitigate his alleged damages bars Plaintiff from recovery in this action, in whole or in part.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (As to All Causes of Action – Punitive Damages)

26.    The First Amended Complaint, including each cause of action alleged therein, fails to state facts sufficient to justify an award of punitive damages in that the First Amended Complaint, including each cause of action alleged therein, fails to state sufficient and specific facts to support the underlying allegations of malice, oppression, and fraud.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (As to All Causes of Action – Absence of Malice)

27.     Shell and Mr. Carter, and their employees and agents, acted without malice at all times.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (As to All Causes of Action – Protection from Excessive Fines)

28.     Plaintiff's First Amended Complaint, to the extent it seeks punitive or exemplary damages, violates Shell's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and in Article I, section 17, of the Constitution of the State of California, and violates Shell's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and in the California Constitution and therefore fails to state a claim upon which punitive or exemplary damages may be awarded.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (As to All Causes of Action – Attorneys' Fees)

29.     Plaintiff's action is without merit, and pursuant to California Government Code section 12965(b) and California Labor Code section 218.5, Shell and Mr. Carter are entitled to recover their attorneys' fees incurred in defending this action.

## THIRTIETH AFFIRMATIVE DEFENSE

### (As to Cause of Action 7 – Actions Not Willful)

30.     Plaintiff's claims are barred because Shell's actions were not "willful" within the meaning of United States Code section 2617.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(As to Causes of Action 7 and 8 – Good Faith Action)**

31.     Plaintiff's claims are barred because Shell acted in good faith and with reasonable grounds that its actions were lawful within the meaning of 29 United States Code section 2617 and/or California Government Code section 12945.1 *et seq.*

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(As to All Causes of Action – Comparative Fault)**

32.     Any damages sustained by Plaintiff were either wholly or in part negligently caused by Plaintiff's own actions, inactions, or delay in acting, and said negligence comparatively reduces the percentage of negligence, if any, by Shell and Mr. Carter

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(As to All Causes of Action – Contributory Negligence)**

33.     Plaintiff was careless and negligent with respect to the matters alleged in the First Amended Complaint, and such carelessness and negligence proximately caused or contributed to the happening of the events alleged in the First Amended Complaint and the loss and damage complained of, if any.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(As to All Causes of Action – Reservation of Defenses)**

34.     Because the First Amended Complaint is couched in conclusory terms, Shell and Mr. Carter cannot anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, if and to the extent such defenses are applicable, is hereby reserved.

WHEREFORE, Shell and Mr. Carter pray as follows:

1.     That Plaintiff takes nothing by way of the First Amended Complaint and that judgment be entered in favor of Shell and Mr. Carter;

2.     That the First Amended Complaint be dismissed with prejudice;

3.     That Shell and Mr. Carter be awarded their costs of suit, including reasonable attorneys' fees; and,

1         4.    For such other relief as the Court deems just and proper.

2

3    Dated: December 14, 2007              VILLARREAL HUTNER PC

4

5                                   By      */s/ DANIELLE L. PENER*

6                                        LARA VILLARREAL HUTNER, ESQ.
                                         DANIELLE L. PENER, ESQ.
7
                                         Attorneys for Defendants
8                                        SVC-WEST, L.P., and SHELL VACATIONS
                                         CM CORP., formerly known as SHELL
9                                        DEVELOPMENT CORP-SAN FRANCISCO,
                                         and JOHN CARTER
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C 07-03153 CW