

BETH A. HUBER (SBN 184702)
THE HUBER LAW FIRM
1104 Lincoln Ave.
San Rafael, California 94901
Telephone:   (415) 456-4411
Facsimile:    (415) 456-3811
E-mail:  BetHubCa@aol.com

Attorney for Plaintiff
JAMES GUERIN

VILLARREAL HUTNER PC
LARA VILLARREAL HUTNER, ESQ. (SBN 178639)
E-Mail: lhutner@vhattorneys.com
DANIELLE L. PENER, ESQ. (SBN 217355)
E-Mail:  dlpener@vhattorneys.com
One Market Street, 35th Floor
San Francisco, California 94105
Telephone: (415) 543-4200
Facsimile: (415) 449-6897

Attorneys for Defendants
SVC-WEST, L.P., SHELL VACATIONS
CM CORP., formerly known as
SHELL DEVELOPMENT CORP-SAN FRANCISCO
And JOHN CARTER

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

JAMES GUERIN, an individual,

              Plaintiff,

v.

SHELL VACATIONS CLUB, LLC d/b/a  SVC-
WEST L.P. d/b/a SHELL VACATIONS CM
CORP d/b/a/ SHELL DEVELOPMENT CORP
– SAN FRANCISCO and JOHN CARTER, an
individual

              Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.  C 07-03153 CW

**DECLARATION OF BETH A. HUBER IN
SUPPORT OF THE PARTIES'
STIPULATION TO CONTINUE THE
CURRENT ADR DEADLINE OF
FEBRUARY 29, 2008 TO APRIL 30, 2008**

Trial Date:  January 5, 2009

1

I, BETH A. HUBER, declare as follows:

1.    I am an attorney licensed to practice before the United States District Court, Northern District of California, and the counsel for plaintiff James Guerin ("Plaintiff") in the above-referenced matter. I make this declaration from my personal knowledge.  If called as a witness, I would be competent to testify.

2.    Plaintiff filed his Complaint for Damages in this matter on June 14, 2007. Plaintiff filed a First Amended Complaint on November 21, 2007.  On December 5, 2007, the parties subsequently filed a stipulation supporting Plaintiff's filing of the first amended complaint which the Court granted on December 11, 2007.

3.    Counsel for the parties attended the initial Case Management Conference on September 25, 2007 at which time, after argument by both counsel, the Court ordered that the parties submit this matter to Early Neutral Evaluation by February 29, 2008.  (Attached hereto as **Exhibit A** is a true and correct copy of the October 2, 2007 Minute Order and Case Management Order)

4.    On October 12, 2007 the Court appointed Barbara Bryant, Esq. as the evaluator in this matter.  Thereafter, Ms. Bryant, in conjunction with the parties, set February 27, 2008 for the Early Neutral Evaluation hearing.  (Attached hereto as **Exhibit B** is a true and correct copy of the November 26, 2007 Notice of ENE Hearing Date)

5.    Defendants, during late September 2007, requested to take Plaintiff's deposition on November 13 and 14, 2007.  That date was not convenient as Plaintiff's counsel was scheduled to be in trial.  Defendants then requested that Plaintiff's deposition proceed on December 5-6, 2007, a date which ended up not being convenient for Plaintiff or Plaintiff's counsel.  Counsel for both parties agreed that Plaintiff's deposition would occur on December 12-13, 2007, dates more convenient for Plaintiff to accommodate his new employment and need to fly from Hawaii to California to attend the deposition.  However, subsequent to setting the deposition date, Plaintiff's counsel substituted into another matter which had a pending trial date of December 7, 2007.  Given Plaintiff's counsel's unavailability, Defendants re-noticed, and Plaintiff attended, a day and one-half of deposition on January 9 and 10, 2008.  Defendant

2

did not conclude Plaintiff's deposition. Based on both counsels' and Plaintiff's calendars and the fact that Plaintiff resides in Hawaii, Plaintiff's deposition is scheduled to continue on February 20 and 21, 2008. (Attached hereto as **Exhibit C** are true and correct copies of Defendant's deposition notices for Plaintiff James Guerin)

6.     Shell propounded a First Set of Special Interrogatories and Requests for Production of Documents on October 5, 2007, and a Second Set of Requests for Production of Documents on November 16, 2007. Plaintiff propounded a First Set of Special Interrogatories and Requests for Documents to Defendant on December 6, 2007. Several of these requests, primarily those propounded by Plaintiff, remain disputed. The parties are meeting and conferring on written discovery and hope to resolve the discovery dispute within the next few weeks.

7.     On December 6, 2007 Plaintiff noticed the depositions for five of Defendant's witnesses in this matter, including John Carter, Plaintiff's manager, Melanie Candaso, Defendant's Human Resources Manager, and Angela Benedict and Linda Lundquist, subordinates of Plaintiff when he was employed, and Andrew Goodwin, Plaintiff's counter-part from Southern California. The noticed deposition dates for the first four witnesses, as agreed upon between the parties, included January 18, 22, 24 and 29, 2008 respectively. Because Plaintiff felt that Mr. Goodwin's deposition was important to take prior to the ENE but the parties had not discussed Mr. Goodwin's deposition, Plaintiff noticed Mr. Goodwin's deposition for alternative dates including February 8, 11 or 13, 2008 . (Attached hereto as **Exhibit D** is a true and correct copy of Plaintiff's December 6, 2007 Deposition Notice to Defendants.)

8.     Because Plaintiff did not have responsive documents necessary to conduct the deposition of John Carter, Plaintiff's manager, set for January 18, 2008, and because Plaintiff's counsel had been diagnosed with strep throat the day before, Plaintiff cancelled Mr. Carter's deposition. Based upon counsels' calendars and Mr. Carter's calendar, Mr. Carter's deposition has been rescheduled for March 18, 2008.

3

9.     Plaintiff conducted the deposition of Melanie Candaso, Defendant's Human Resources Manager, on January 22, 2008.

10.     On January 11, 2008, Defendant notified Plaintiff that Angela Benedict was off from work on a leave of absence and unavailable to attend her January 29, 2008 noticed deposition. Ms. Benedict has not yet returned to work and, thus, her deposition has not been rescheduled. Ms. Benedict is not expected to return to work until March 2008.

11.     During the week of January 21, 2008, Defendant notified Plaintiff that Linda Lundquist was ill and could not attend her January 24, 2008 deposition. Ms. Lundquist's deposition is tentatively being reset for early April 2008; however, Plaintiff's counsel is concurrently set to start trial in another matter, *Thull v River Oak Center for Children et al* Case No. 06AS01628, as of April 1, 2008 in the Sacramento County Superior Court. Should the *Thull* matter proceed to trial, Ms. Lundquist's deposition will likely be reset for mid - late April 2008.

12.     On January 22, 2008, Defendant objected to Andrew Goodwin's deposition. Based upon subsequent meet and confer conversations, Defendant has tentatively agreed to produce Mr. Goodwin for deposition given that Plaintiff has agreed to pay for his air-fare to fly from Southern to Northern California. To-date, Mr. Goodwin's deposition date has not been agreed upon or noticed; however, the parties are hoping that his deposition can proceed during April 2008.

13.     The parties expect to continue discovery in this matter and do not anticipate that the delay in the Early Neutral Evaluation hearing will similarly continue or extend trial in this matter, which is now set for January 5, 2009.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ⁴⁄ day of February 2008, at San Rafael, California.

BETH A. HUBER
Attorney for Plaintiff
JAMES GUERIN

4

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GUERIN,                                        No. C 07-03153 CW

    v.                                         MINUTE ORDER AND
                                               CASE MANAGEMENT
SHELL VACATIONS CLUB LLC ET AL,                ORDER
_____/

Clerk: Sheilah Cahill          Reporter: Raynee Mercado
Plaintiff Attorney: Beth Huber
Defendant Attorney: Lara Villarreal Hutner

    A case management conference was held on: 9/25/07.   The Case
Management Statement and Proposed Order filed by the parties is hereby
adopted by the Court as the Case Management Order for the case, except
as may be noted below.   The Court's standard Order for Pretrial
Preparation also applies.

The case is hereby referred to the following ADR process:
Non-binding Arbitration: [ ]     Early Neutral Evaluation: [ X ]
Court-connected mediation: [ ]     Private mediation: [ ]
Magistrate Judge settlement conference: [ ]
ADR session to be held by:                                      [02/29/08]
(or as soon thereafter as is convenient to the mediator's schedule)

Deadline to add additional parties or claims:                   [11/26/07]
Date of next case management conference:                        [10/16/08]

Completion of Fact Discovery:                                   [09/25/08]
Disclosure of identities and reports of expert witnesses:       [09/25/08]
Completion of Expert Discovery:                                 [10/24/08]

All case-dispositive motions to be heard at 2:00 P.M.
      on or before:                                             [10/16/08]
Final Pretrial Conference at 2:00 P.M. on:                      [12/09/08]
A 10 day Jury Trial will begin at 8:30 A.M. on:                 [01/05/09]

Additional Matters:  Copy of Court's Order for Pretrial Preparation
given to attys in court.  Counsel limited to 50 interrogatories per
side.  Counsel may file early a dispositive motion (i.e. exhaustion)
that does not need discovery.  **A Further Case Management Conference
will be held on 10/16/08 at 2:00 p.m. whether or not dispositive
motions are filed (or on whatever date dispositive motions are set).**
Consent/declination forms given to counsel in court to be returned by
10/5/07.

    IT IS SO ORDERED.

1    Dated: 10/2/07

2                                               *Claudia Wilken*
                                               CLAUDIA WILKEN
3                                               United States District Judge

4

    Copies to:    Chambers; ADR
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

1

<u>NOTICE</u>

2

3    **Case Management Conferences and Pretrial Conferences** are
conducted on **Tuesdays** at 2:00 p.m. **Criminal Law and Motion** calendar
4    is conducted on **Wednesdays** at 2:00 p.m. for defendants in custody and
2:30 p.m. for defendants not in custody. **Civil Law and Motion**
5    calendar is conducted on **Thursdays** at 2:00 p.m. Order of call is
determined by the Court. Counsel need not reserve a hearing date for
6    civil motions; however, counsel are advised to check the legal
newspapers or the Court's website at www.cand.uscourts.gov for
7    unavailable dates.

8    Motions for Summary Judgment: All issues shall be contained
within one motion of 25 pages or less, made on 35 days notice. (<u>See</u>
9    Civil L.R. 7-2). Separate statements of undisputed facts in support
of or in opposition to motions for summary judgment will not be
10   considered by the Court. (<u>See</u> Civil Local Rule 56-2(a)). The motion
and opposition should include a statement of facts supported by
11   citations to the declarations filed with respect to the motion.
Evidentiary and procedural objections shall be contained within the
12   motion, opposition or reply; separate motions to strike will not be
considered by the Court. Any cross-motion shall be contained within
13   the opposition to any motion for summary judgment, shall contain 25
pages or less, and shall be filed 21 days before the hearing. The
14   reply to a motion may contain up to 15 pages, shall include the
opposition to any cross-motion, and shall be filed 14 days before the
15   hearing. (<u>See</u> Civil Local Rule 7-3). The Court may, *sua sponte* or
pursuant to a motion under Civil L.R. 6-3, reschedule the hearing so
16   as to give a moving party time to file a reply to any cross-motion.

17   All DISCOVERY MOTIONS are referred to a Magistrate Judge to be
heard and considered at the convenience of his/her calendar. All such
18   matters shall be noticed by the moving party for hearing on the
assigned Magistrate Judge's regular law and motion calendar, or
19   pursuant to that Judge's procedures.

20

21   (rev. 3/9/07)

22

23

24

25

26

27

28

ORDER FOR PRETRIAL PREPARATION

PRETRIAL CONFERENCE

1.   Not less than 30 days prior to the pretrial conference, counsel shall **exchange** (but not file or lodge) the papers described in Civil L.R. 16-10(b)(7),(8),(9), and (10), and their motions in limine.

2.   At least 20 days before the final pretrial conference, lead counsel who will try the case shall meet and confer with respect to:

(a)   Preparation and content of the joint pretrial conference statement;

(b)   Resolution of any differences between the parties regarding the preparation and content of the joint pretrial conference statement and the preparation and exchange of pretrial materials to be served and lodged pursuant to this Order for Pretrial Preparation.  To the extent such differences are not resolved, parties will present the issues in the pretrial conference statement so that the judge may rule on the matter during the pretrial conference; and

(c)   Settlement of the action.

3.   Not less than 10 days prior to the pretrial conference, counsel shall submit the following.

(a)   Pretrial Conference Statement.  The parties shall file a joint pretrial conference statement containing the following information:

(1)   The Action.

(A) Substance of the Action.  A brief description of the substance of claims and defenses which remain to be decided.

(B)   Relief Prayed.  A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed.

(2)   The Factual Basis of the Action.

(A)   Undisputed Facts.  A plain and concise statement of all relevant facts not reasonably disputed.

(B)   Disputed Factual Issues.  A plain and concise

statement of all disputed factual issues which remain to be decided.

(C) Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

(D) Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) Disputed Legal Issues. Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief.

(4) Further Discovery or Motions. A statement of all remaining discovery or motions.

(5) Trial Alternatives and Options.

(A) Settlement Discussion. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

(B) Consent to Trial Before a Magistrate Judge. A statement whether the parties consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.

(C) Bifurcation, Separate Trial of Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(6) Miscellaneous. Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

(b) Exhibit List and Objections. The exhibit list shall list each proposed exhibit by its number, description, and sponsoring witness, followed by blanks to accommodate the date on which it is marked for identification and the date on which it is admitted into evidence. **No party shall be permitted to offer any exhibit in its case-in-chief that is not disclosed in its exhibit list without leave of the Court for good cause shown.** Parties shall also deliver a set

of premarked exhibits to the Courtroom Deputy.  The exhibit markers shall each contain the name and number of the case, the number of the exhibit, and blanks to accommodate the date admitted and the Deputy Clerk's initials.  (Appropriate sample forms are available on the Court's website at www.cand.uscourts.gov).  Any objections to exhibits which remain after the pretrial meeting shall be indicated in the pretrial statement.

(c)   Witness List.  In addition to the requirements of FRCivP 26(a)(3)(A), a brief statement describing the substance of the testimony to be given by each witness who may be called at trial.  **No party shall be permitted to call any witness in its case-in-chief that is not disclosed in its pretrial statement without leave of Court for good cause shown**.

(d)   Use of Discovery Responses.  In addition to the requirements of FRCivP 26(a)(3)(B), a designation of any excerpts from interrogatory answers or from responses for admissions intended to be offered at trial.  Counsel shall indicate any objections to use of these materials and that counsel have conferred respecting such objections.

(e)   Trial briefs.  Briefs on all significant disputed issues of law, including foreseeable procedural and evidentiary issues, which remain after the pretrial meeting.

(f)   Motions in Limine.  Any motions in limine that could not be settled at the pretrial meeting shall be filed with the pretrial statement.  All motions in limine shall be contained within one document, limited to 25 pages pursuant to Civil L.R. 7-2(b), with each motion listed as a subheading.  Opposition to the motions in limine shall be contained within one document, limited to 25 pages,

with corresponding subheadings, and filed five (5) days thereafter.

(g)   Joint Proposed Voir Dire.   The attached voir dire questionnaire will be given to the venire members, and copies of the responses will be made available to counsel at the beginning of voir dire.   Counsel may submit a set of additional requested voir dire, to be posed by the Court, to which they have agreed at the pretrial meeting.   Any voir dire questions on which counsel cannot agree shall be submitted separately.   Counsel may be allowed brief follow-up voir dire after the Court's questioning.

(h)   Joint Proposed Jury Instructions.   Jury instructions §1.1 through §1.12, §1.13 through §2.2, and §3.1 through §4.3 from the Manual of Model Civil Jury Instructions for the Ninth Circuit (2001 Edition) will be given absent objection.   Counsel shall jointly submit one set of additional proposed jury instructions, to which they have agreed at the pretrial meeting.   The instructions shall be ordered in a logical sequence, together with a table of contents.   Any instruction on which counsel cannot agree shall be marked as "disputed," and shall be included within the jointly submitted instructions and accompanying table of contents, in the place where the party proposing the instruction believes it should be given.   Argument and authority for and against each disputed instruction shall be included as part of the joint submission, on separate sheets directly following the disputed instruction.

Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their joint proposed jury instructions on a computer disk in WordPerfect or ASCII format.   The disk label should include the name of the parties, the case number and a description of the document.

United States District Court
For the Northern District of California

1    (i)   Proposed Verdict Forms, Joint or Separate.

2    (j)   Proposed Findings of Fact and Conclusions of Law (Court

3 Trial only).   Whenever possible, counsel shall deliver to the

4 Courtroom Deputy a copy of their proposed findings of fact and

5 conclusions of law on a computer disk in WordPerfect or ASCII format.

6 The disk label should include the name of the parties, the case number

7 and a description of the document.

8 JURY SELECTION

9    The Jury Commissioner will summon 20 to 25 prospective jurors.

10 The Courtroom Deputy will select their names at random and seat them

11 in the courtroom in the order in which their names are called.

12    Voir dire will be asked of sufficient venire persons so that

13 eight (or more for a lengthy trial) will remain after all peremptory

14 challenges and an anticipated number of hardship dismissals and cause

15 challenges have been made.

16    The Court will then take cause challenges, and discuss hardship

17 claims from the individual jurors, outside the presence of the venire.

18 The Court will inform the attorneys which hardship claims and cause

19 challenges will be granted, but will not announce those dismissals

20 until the process is completed.   Each side may then list in writing

21 up to three peremptory challenges.   The attorneys will review each

22 other's lists and then submit them to the Courtroom Deputy.

23    Then, from the list of jurors in numerical order, the Court will

24 strike the persons with meritorious hardships, those excused for

25 cause, and those challenged peremptorily, and call the first eight

26 people in numerical sequence remaining.   Those people will be the

27 jury.

28    All jurors remaining at the close of the case will deliberate.

1  There are no alternates.

2  <u>SANCTIONS</u>

3      Failure to comply with this Order is cause for sanctions under

4  Federal Rule of Civil Procedure 16(f).

5      IT IS SO ORDERED.

6

7  Dated: _____

8                                     CLAUDIA WILKEN

9                                     UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

## JUROR QUESTIONNAIRE

Please fill out this form as completely as possible and print clearly. Since we want to make copies for the attorneys and the Court, do not write on the back of any page. If you need more room, continue at the bottom of the page. Thank you for your cooperation.

1. Your name: _____

2. Your age: _____

3. The city where you live: _____

4. Your place of birth: _____

5. Do you rent or own your own home? _____

6. Your marital status: (circle one)

   single    married    separated    divorced    widowed

7. What is your occupation, and how long have you worked in it? (If you are retired, please describe your main occupation when you were working).

_____

_____

8. Who is (or was) your employer?

_____

9. How long have you worked for this employer? _____

10. Please list the occupations of any adults with whom you live.

_____

11. If you have children, please list their ages and sex and, if they are employed, please give their occupations.

_____

_____

_____

12. Please describe your educational background:

   Highest grade completed: _____

United States District Court
For the Northern District of California

College and/or vocational schools you have attended:

_____

_____

_____

_____

Major areas of study: _____

13.  Have you ever served on a jury before? _____  How many

times? _____

If yes:  State/County Court _____  Federal Court _____

When? _____

Was it a civil or criminal case? _____

Did the jury(ies) reach a verdict? _____

(rev. 3/9/07)

Subj:   **Activity in Case 4:07-cv-03153-CW Guerin v. Shell Vacations Club LLC et al Case Management Scheduling Order**
Date:   10/2/2007 4:43:33 P.M. Pacific Standard Time
From:   ECF-CAND@cand.uscourts.gov
To:     efiling@cand.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

---

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

---

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document. **If there is no second hyperlink, there is no electronic document available .**
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

---

The following transaction was received from entered on 10/2/2007 5:42 PM and filed on 10/2/2007
**Case Name:**      Guerin v. Shell Vacations Club LLC et al
**Case Number:**    4:07-cv-3153
**Filer:**
**Document Number:** 24

**Docket Text:**
MINUTE ORDER AND CASE MANAGEMENT ORDER: Case referred to early neutral evaluation. Further Case Management Conference set for 10/16/2008 02:00 PM. Jury Trial set for 1/5/2009 08:30 AM. Motion Hearing set for 10/16/2007 02:00 PM. Pretrial Conference set for 12/9/2008 02:00 PM.. Signed by Judge Claudia Wilken on 10/2/07. (scc, COURT STAFF) (Filed on 10/2/2007)

**4:07-cv-3153 Notice has been electronically mailed to:**

Beth A. Huber     bethubca@aol.com

Lara Villarreal Hutner     lhutner@vhattorneys.com

**4:07-cv-3153 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** N:\PDF\c07-3153.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=10/2/2007] [FileNumber=3797102-0]

[05bdaf050030734f13bd31ca31c6560f699282c5cfc9dc2081825fadb0046592a6340
4f4e9e59645620e2f9727f33345467742c5e32ebe38869bb6123b275ff3]]

# EXHIBIT B

Subj:    **Activity in Case 4:07-cv-03153-CW Guerin v. Shell Vacations Club LLC et al Set/Reset Hearings**

Date:    11/26/2007 2:06:58 P.M. Pacific Standard Time

From:    ECF-CAND@cand.uscourts.gov

To:    efiling@cand.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

U.S. District Court

Northern District of California

**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document. *If there is no second hyperlink, there is no electronic document available .*

See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from entered on 11/26/2007 2:05 PM PST and filed on 11/26/2007

**Case Name:**    Guerin v. Shell Vacations Club LLC et al

**Case Number:**    4:07-cv-3153

**Filer:**

**Document Number:** No document attached

**Docket Text:**

Set/Reset Hearings: ENE Hearing tentatively set for 2/27/2008. (af, COURT STAFF) (Filed on 11/26/2007)

**4:07-cv-3153 Notice has been electronically mailed to:**

Beth A. Huber    bethubca@aol.com

Lara Villarreal Hutner    lhutner@vhattorneys.com

**4:07-cv-3153 Notice has been delivered by other means to:**

Barbara S. Bryant
1563 Solano Avenue
Box 215
Berkeley, CA 94707

# UNITED STATES DISTRICT COURT

### Northern District of California

| | |
|---|---|
| Guerin, | 07-03153 CW ENE |
| Plaintiff(s), | |
| v. | **Notice of Appointment of Evaluator** |
| Shell Vacations Club LLC, | |
| Defendant(s). | |

**TO COUNSEL OF RECORD:**

The court notifies the parties and counsel that the Evaluator assigned to this case is:

**Barbara S. Bryant**
1563 Solano Avenue
Box 215
Berkeley, CA 94707
510-558-0600
bsbryant@pacbell.net

Counsel shall familiarize themselves with the requirements of ADR L.R. 5 which governs the ENE program. The evaluator will schedule a joint phone conference with counsel under ADR L.R. 5-7 and will set the date of the ENE session within the deadlines set by ADR L.R. 5-5 or the court order referring this action to ENE. The court permits the evaluator to charge each party its pro rata share of the cost of the phone conference.

1   Counsel are reminded that the written ENE statements required by the ADR L.R.

2   5-8 shall NOT be filed with the court.

3

4   Dated: October 12, 2007

5   RICHARD W. WIEKING
6   Clerk
7   by: Alice M. Fiel

8

9   ADR Case Administrator
10  415-522-3148
    Alice_Fiel@cand.uscourts.gov

United States District Court
Northern District of California

**Subj:** Activity in Case 4:07-cv-03153-CW Guerin v. Shell Vacations Club LLC et al ADR Clerks
Notice Appointing ENE Evaluator
**From:** ECF-CAND@cand.uscourts.gov
**Date:** 10/12/2007 10:50:34 A.M. Pacific Standard Time
**To:** efiling@cand.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

U.S. District Court

Northern District of California

**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document. *If there is no second hyperlink, there is no electronic document available.*

See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from or entered on 10/12/2007 11:48 AM and filed on 10/12/2007

**Case Name:**       Guerin v. Shell Vacations Club LLC et al
**Case Number:**    4:07-cv-3153
**Filer:**

**Document Number:** 26

**Docket Text:**
ADR Clerk's Notice Appointing Barbara S. Bryant as ENE Evaluator. (af, COURT STAFF) (Filed on 10/12/2007)

**4:07-cv-3153 Notice has been electronically mailed to:**

Beth A. Huber    bethubca@aol.com

Lara Villareal Hutner    lhutner@vhatorneys.com

**4:07-cv-3153 Notice has been delivered by other means to:**

Barbara S. Bryant
1563 Solano Avenue
Box 215
Berkeley, CA 94707

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** N:\PDF\07-3153.pdf

Friday, October 12, 2007 America Online: BetHubCa

**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=10/12/2007] [FileNumber=3822591-0]
[6fe7a2597a24042a5895ddeea5a253bf0aa8fa45da0fcbeebebd300ced3fcd99152ba
3217e7e6e5feebd00fd70d9b8743044241 1e2d9bbbab567e1bf63457c00a]]

# EXHIBIT C

1 | VILLARREAL HUTNER PC
LARA VILLARREAL HUTNER, ESQ., Cal. Bar No. 178639
2 | E-Mail: lhutner@vhattorneys.com
DANIELLE L. PENAR, ESQ., Cal Bar No. 217335
3 | E-Mail: dpenar@vhattorneys.com
One Market Street, 35th Floor
4 | San Francisco, California 94105
Telephone: 415.543.4200
5 | Facsimile: 415.293.8517

6 | Attorneys for Defendants
SVC-WEST, L.P., and SHELL VACATIONS
7 | CM CORP., formerly known as SHELL
DEVELOPMENT CORP-SAN
8 | FRANCISCO, and JOHN CARTER

9

10 | UNITED STATES DISTRICT COURT

11 | NORTHERN DISTRICT OF CALIFORNIA

12 | OAKLAND DIVISION

13

14 | JAMES GUERIN, an individual,          CASE NO. C 07-03153 CW

15 | Plaintiff,

16 | v.                                    **NOTICE OF DEPOSITION OF PLAINTIFF JAMES GUERIN**

17 | SHELL VACATIONS CLUB, LLC
d/b/a SVC-WEST L.P. d/b/a SHELL
18 | VACATIONS CM CORP d/b/a SHELL         Trial Date:   January 5, 2009
DEVELOPMENT CORP-SAN                 Judge:        Claudia Wilken
19 | FRANCISCO and JOHN CARTER, an
individual,
20
Defendants.
21

22

23 | TO PLAINTIFF JAMES GUERIN AND HIS ATTORNEYS OF

24 | RECORD:

25 | YOU ARE HEREBY NOTIFIED THAT THE DEPOSITION OF

26 | JAMES GUERIN will be taken at Sarnoff Court Reporters, 450 Sansome Street,

27 | Suite 1550, San Francisco, 94111, commencing at 1:00 p.m. on December 12, 2007

28

1  and continuing at 10:00 a.m. on December 13, 2007 at the same location, and

2  continuing day to day thereafter.

3         The deposition shall be taken before an officer qualified to administer oaths,

4  and shall continue from day to day, weekends and holidays excluded, until

5  completed.  The deposition shall be taken before a certified stenographer and

6  videographer and shall be recorded by stenograph and videotape and through the

7  instant visual display of testimony.

8

9

10  Dated: October 22, 2007          VILLARREAL HUTNER PC

11

12

13                          By _____
                                    DANIELLE L. PENER, ESQ.

14

15                          Attorneys for Defendants
                            SVC-WEST, L.P., and SHELL
16                          VACATIONS CM CORP., formerly
                            known as SHELL DEVELOPMENT
17                          CORP-SAN FRANCISCO

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is One Market Street, 35th Floor, San Francisco, California 94105.

On October 23, 2007, I served true copies of the following document(s) described as

**NOTICE OF DEPOSITION OF PLAINTIFF JAMES GUERIN**

on the interested parties in this action as follows:

> Beth Huber
> **HUBER LAW FIRM**
> **1104 Lincoln Ave.**
> **San Rafael, CA  94901**
> **Telephone: (415) 456-4411**
> **Facsimile: (415) 456-3811**

**BY MAIL**: I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Villarreal Hutner's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 23, 2007, at San Francisco, California.

Dannette M. Nelson

1  VILLARREAL HUTNER PC
   LARA VILLARREAL HUTNER, ESQ., Cal. Bar No. 178639
2  E-Mail: lhutner@vhattorneys.com
   DANIELLE L. PENER, ESQ., Cal Bar No. 217335
3  E-Mail: dpener@vhattorneys.com
   One Market Street, 35th Floor
4  San Francisco, California 94105
   Telephone: 415.543.4200
5  Facsimile: 415.293.8517

6  Attorneys for Defendants
   SVC-WEST, L.P., and SHELL VACATIONS
7  CM CORP., formerly known as SHELL
   DEVELOPMENT CORP-SAN
8  FRANCISCO, and JOHN CARTER

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                  OAKLAND DIVISION

13

14  JAMES GUERIN, an individual,          CASE NO. C 07-03153 CW

15              Plaintiff,

16        v.                              **AMENDED NOTICE OF
                                          DEPOSITION OF PLAINTIFF
17  SHELL VACATIONS CLUB, LLC             JAMES GUERIN**
    d/b/a SVC-WEST L.P. d/b/a SHELL
18  VACATIONS CM CORP d/b/a SHELL
    DEVELOPMENT CORP-SAN                  Trial Date:  January 5, 2009
19  FRANCISCO and JOHN CARTER, an         Judge:       Claudia Wilken
    individual,
20
              Defendants.
21

22

23        TO PLAINTIFF JAMES GUERIN AND HIS ATTORNEYS OF

24  RECORD:

25        YOU ARE HEREBY NOTIFIED THAT THE DEPOSITION OF

26  JAMES GUERIN will be taken at Sarnoff Court Reporters, 450 Sansome Street,

27  Suite 1550, San Francisco, 94111, commencing at 1:00 p.m. on January 9, 2008 and

28

1   continuing at 10:00 a.m. on January 10, 2008 at the same location, and continuing

2   day to day thereafter.

3       The deposition shall be taken before an officer qualified to administer oaths,

4   and shall continue from day to day, weekends and holidays excluded, until

5   completed.  The deposition shall be taken before a certified stenographer and

6   videographer and shall be recorded by stenograph and videotape and through the

7   instant visual display of testimony.

8

9

10  Dated: November _16_, 2007          VILLARREAL HUTNER PC

11

12

13                          By _____

14                              DANIELLE L. PENER, ESQ.

15                              Attorneys for Defendants
                                SVC-WEST, L.P., and SHELL
16                              VACATIONS CM CORP., formerly
17                              known as SHELL DEVELOPMENT
                                CORP-SAN FRANCISCO
18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is One Market Street, 35th Floor, San Francisco, California 94105.

On November 16, 2007, I served true copies of the following document(s) described as

**AMENDED NOTICE OF DEPOSITION OF PLAINTIFF JAMES GUERIN**

on the interested parties in this action as follows:

Beth Huber
**HUBER LAW FIRM**
**1104 Lincoln Ave.**
**San Rafael, CA  94901**
**Telephone: (415) 456-4411**
**Facsimile: (415) 456-3811**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Villarreal Hutner's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 16, 2007, at San Francisco, California.

Dannette M. Nelson

-1-



1  VILLARREAL HUTNER PC
   LARA VILLARREAL HUTNER, ESQ., Cal. Bar No. 178639
2  E-Mail: lhutner@vhattorneys.com
   DANIELLE L. PENER, ESQ., Cal Bar No. 217335
3  E-Mail: dpener@vhattorneys.com
   One Market Street, 35th Floor
4  San Francisco, California  94105
   Telephone: 415.543.4200
5  Facsimile: 415.293.8517

6  Attorneys for Defendants
   SVC-WEST, L.P., and SHELL VACATIONS
7  CM CORP., formerly known as SHELL
   DEVELOPMENT CORP-SAN
8  FRANCISCO, and JOHN CARTER

9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                  OAKLAND DIVISION

13

14  JAMES GUERIN, an individual,          CASE NO. C 07-03153 CW

15          Plaintiff,
                                          **CONTINUED NOTICE OF
16      v.                                DEPOSITION OF PLAINTIFF
                                          JAMES GUERIN**
17  SHELL VACATIONS CLUB, LLC
    d/b/a SVC-WEST L.P. d/b/a SHELL
18  VACATIONS CM CORP d/b/a SHELL
    DEVELOPMENT CORP-SAN                  Trial Date:  January 5, 2009
19  FRANCISCO and JOHN CARTER, an         Judge:       Claudia Wilken
    individual,
20
            Defendants.
21

22

23          TO PLAINTIFF JAMES GUERIN AND HIS ATTORNEYS OF

24  RECORD:

25          YOU ARE HEREBY NOTIFIED THAT THE DEPOSITION OF

26  JAMES GUERIN will be taken at Sarnoff Court Reporters, 450 Sansome Street,

27  Suite 1550, San Francisco, 94111, commencing at 9:30 a.m. on February 20, 2008

28

---
                              1                        C 07-03153 CW

1    and continuing at 10:00 a.m. on February 21, 2008 at the same location, and

2    continuing day to day thereafter.

3        The deposition shall be taken before an officer qualified to administer oaths,

4    and shall continue from day to day, weekends and holidays excluded, until

5    completed.  The deposition shall be taken before a certified stenographer and

6    videographer and shall be recorded by stenograph and videotape and through the

7    instant visual display of testimony.

8

9

10   Dated: January 15, 2008        VILLARREAL HUTNER PC

11

12

13   By _____

14           DANIELLE L. PENER, ESQ.

15          Attorneys for Defendants

16       SVC-WEST, L.P., and SHELL

17   VACATIONS CM CORP., formerly

    known as SHELL DEVELOPMENT

18         CORP-SAN FRANCISCO

19

20

21

22

23

24

25

26

27

28

1      **PROOF OF SERVICE**

2          At the time of service, I was over 18 years of age and **not a party to this action**.  I am
employed in the County of San Francisco, State of California.  My business address is One Market
3   Street, 35th Floor, San Francisco, California 94105.

4          On January 15, 2008, I served true copies of the following document(s) described as

5   **AMENDED NOTICE OF DEPOSITION OF PLAINTIFF JAMES GUERIN**

6   on the interested parties in this action as follows:

7                        **Beth Huber**
                         **HUBER LAW FIRM**
8                        **1104 Lincoln Ave.**
                         **San Rafael, CA  94901**
9                        **Telephone: (415) 456-4411**
                         **Facsimile: (415) 456-3811**
10
**BY MAIL**:  I enclosed the document(s) in a sealed envelope or package addressed to the persons
11  at the addresses listed in the Service List and placed the envelope for collection and mailing,
following our ordinary business practices.  I am readily familiar with Villarreal Hutner's practice
12  for collecting and processing correspondence for mailing.  On the same day that the
correspondence is placed for collection and mailing, it is deposited in the ordinary course of
13  business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

14         I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct and that I am employed in the office of a member of the bar of this
15  Court at whose direction the service was made.

16         Executed on January 15, 2008, at San Francisco, California.

17

18

19   Dannette M. Nelson

20

21

22

23

24

25

26

27

28

-1-

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and **not a party to this action.** I am employed in the County of San Francisco, State of California. My business address is One Market Street, 35th Floor, San Francisco, California 94105.

On January 15, 2008, I served true copies of the following document(s) described as

## CONTINUED NOTICE OF DEPOSITION OF PLAINTIFF JAMES GUERIN

on the interested parties in this action as follows:

**Beth Huber**
**HUBER LAW FIRM**
**1104 Lincoln Ave.**
**San Rafael, CA 94901**
Telephone: (415) 456-4411
Facsimile: (415) 456-3811

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Villareal Hutner's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 15, 2008, at San Francisco, California.



Danette M. Nelson

# EXHIBIT D

1  BETH A. HUBER (SBN 184702)
   THE HUBER LAW FIRM
2  1104 Lincoln Ave.
   San Rafael, California 94901
3  Telephone: (415) 456-4411
   Facsimile: (415) 456-3811
4
   Attorneys for Plaintiff
5  JAMES GUERIN

6

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9                                    )  Case No.  C 07-03153 CW
                                     )
10 JAMES GUERIN, an individual,      )
                                     )  **PLAINTIFF JAMES GUERIN'S**
11                   Plaintiff,      )  **DECEMBER 6, 2007 DEPOSITION**
                                     )  **NOTICE TO DEFENDANTS WITH A**
12 v.                                )  **REQUEST FOR DOCUMENTS**
                                     )
13 SVC-WEST, L.P., SHELL VACATIONS CM)
   CORP formerly known as SHELL      )
14 DEVELOPMENT CORP – SAN FRANCISCO  )
   and JOHN CARTER, an individual    )
15                                   )
                    Defendants.      )
16                                   )
                                     )
17                                   )
                                     )
18                                   )
                                     )
19 _____  )

20

21 **TO:   DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

22      **PLEASE TAKE NOTICE** that plaintiff James Guerin will take the deposition of the

23 following persons:

24
        **DEPONENT**            **DATE**              **TIME**
25
26      John Carter           January 18, 2008       9:30 a.m

27      Melanie Candaso       January 22, 2008       9:30 a.m.

28      Linda Lundquist       January 24, 2008       10:00 a.m.

| | | |
|---|---|---|
| Angela Benedict | January 29, 2008 | 10:00 a.m. |
| Andrew Goodwin | February 8, or 11 or 13th | 10:00 a.m. |

The depositions will be conducted at Huber Law Firm located at 1104 Lincoln Ave in San Rafael, California, 94901. Said depositions will be recorded stenographically and by videotape and will be before a qualified Notary Public authorized by law to administer oaths.

The depositions will be conducted in accordance with the Federal Rules of Civil Procedure and will be used for all purposes allowed by law.

Said depositions may continue from day-to-day, except Saturdays, Sundays and holidays, until completed.

Pursuant to Federal Rule of Civil Procedure § 30, you are requested to bring with you to your noticed deposition the documents set forth below which are in your possession or under your control.

A.    **Instructions Regarding Production**

This request requires you to produce all requested documents which are in your actual or constructive possession, custody or control, including documents which may be in the physical possession of another entity such as a business or law firm or your agent, employees, representatives, investigator, and/or attorneys.

This request requires the production of documents in the same form and in the same order in which they existed prior to production. The documents should be produced in the boxes, file folders, bindings, or other containers in which the documents are found. The titles, labels, or other containers are to be left intact.

If you object to the production of any document, please set forth specifically the nature of your objection(s). Any representation of your inability to comply with a particular request shall affirm that a diligent search and a reasonable inquiry have been made in effort to comply

2

with that request. The statement should also specify whether the inability to comply is because

the particular item or category has never existed, has been destroyed, has been lost, misplaced,

or stolen, or never has been, or no longer is, in your possession, custody or control.

**B.**    **For purposes of this Deposition Notice, the following definitions apply:**

1.     "Plaintiff" means Plaintiff James Guerin, his agents, representatives and

attorneys acting on his behalf.

2.     "Defendant" means SVC-West, L.P. and Shell Vacations CM Corp., formerly

known as Shell Development Corp-San Francisco, their respective agents, representatives and

attorneys acting on their behalf.

3.     "Defendants" means SVC-West, L.P. and Shell Vacations CM Corp., formerly

known as Shell Development Corp-San Francisco, John Carter and their respective agents,

representatives and attorneys acting on their behalf.

4.     "Complaint" means Plaintiff's First Amended Complaint recently filed in this

matter, Case No. C 07-03153 CW.

5.     "Documents" means any writing, in the broadest meaning accorded to the term

"document(s)" by Rule 34 of the Federal Rules of Civil Procedures which include but are not

limited to, all of the matters defined in Rule 1001 of the Federal Rules of Evidence, and shall

include, without limitation, the original, or, if the original is not reasonably within the

possession, custody and/or control of Defendants, a copy thereof. "Documents" shall include,

but are not limited to, handwritten, typewritten, printed, Photostatted, photographed, and/or

recorded items such as, for example, diaries, journals, letters, memoranda, e-mails, tapes, tape

recordings, computer discs, computer screen prints, telegrams, contracts, notes, books,

financial statements, tax returns, drafts, records, maps, drawings, photographs, voice-mail

records, transcripts of tape recordings, correspondence, telexes, telecopies, facsimiles,

**PLAINTIFF JAMES GUERIN'S DECEMBER 6, 2007 NOTICE OF DEPOSITION TO DEFENDANTS**

publications, agreements, insurance policies, papers, reports, calendars, statements, corporate minutes, ledgers, summaries, agendas, work orders, repair orders, bills, invoices, receipts, estimates, evaluations, personnel files, diplomas, certificates, instructions, manuals, bulletins, advertisements, periodicals, accounting records, checks, check stubs, check registers, canceled checks, money orders, negotiable instruments, data processing cards, and electronic, magnetic and digital media of any form (including any copies of all such documents where such copy contains any commentary, notation, mark or matter of any kind that does not appear on the original). If any document requested below was, but no longer is, in your possession, custody and/or control, the please state what disposition was made of it in your response.

If any document is withheld by any deponent under a claim of privilege or on some other basis, the deponent is required to identify each document by providing a register or log that contains the following information: (a) the number of the request to which the document is responsive; (b) A description of the document and its contents stated with sufficient particularity to enable Plaintiff and the Court to identify the documents and its subject matter for purposes of a motion to compel production of the document; (c) the date, if any, the document bears; (d) the identity or identities and position of the authors of the documents; (e) the identities and positions of each recipient of the document; (f) the privilege or other basis claimed for withholding the document; and (g) the present location of the document.

6.     "Person" means and includes any natural person, partnership, joint venture, cooperative or unincorporated association, public or private corporation, public entity or other entity, or any affiliate, officer, director, employee, agent, representative, or attorneys of the foregoing.

7.     The terms "relates to", "relating to" and "regarding" mean refers or pertains to, reflects upon, is in any way logically or factually connected with, or may afford any

information regarding the matters discussed.

8.     "Any" is understood to include and encompass "all;" "all" is understood to include and encompass "any;" "or" is understood to include and encompass "and;" and "and" is understood to include and encompass "or."

9.     The terms "you," "yourself" or "your" refer to any of the individually named deponents unless otherwise indicated, their respective attorneys, present or past agents, representatives, or any other person acting or purporting to act on its behalf.

10.     "Manager" means anyone who has worked in a supervisory or management capacity for Defendant; and anyone who held a similarly situated position to that of Plaintiff.

## DOCUMENTS REQUESTED

1.     Any and all e-mails, memorandums, letters or correspondence exchanged between yourself and Plaintiff, sent to Plaintiff by you or received by you from Plaintiff.

2.  Any and all documents relating to any complaints, criticisms, comments or praises made or filed against, or in any way concerning Plaintiff, whether made by yourself, another employee, any supervisor or manager, client or anyone else.

3.  Any and all documents relating to Defendant's response to any and all complaints, criticisms, comments or praises filed against Plaintiff at anytime while he was employed whether said response was verbal (and at some point documented) or was in writing.

4.  Any and all documents relating to any complaints, criticisms, comments or praises made or filed against, or in any way concerning John Carter based on, related to or caused by his consumption of drugs and/or alcohol, whether made by an employee, supervisor, manager, client, business associate or anyone else.

5.  Any and all documents relating to Defendant's response to any and all complaints, criticisms and/or comments filed against John Carter based on, relating to or caused by his

consumption of drugs and/or alcohol, at anytime while he was employed whether said response was verbal (and was at some point documented) or was in writing.

6. Any and all documents relating to any performance improvement plans, counseling and/or discipline taken against or otherwise implemented concerning Plaintiff from the date his employment commenced with Defendant to present including but not limited to documents setting forth the need for said discipline/counseling as well as the actual discipline/counseling imposed.

7. Any and all documents setting forth which, if any, essential functions Plaintiff could not or did not perform while he was employed by Defendant.

8. Any and all documents setting forth which, if any, minimum performance requirements Plaintiff did not meet at any time while he was employed by Defendant.

9. Any and all job descriptions, position questionnaires or any other related documents which describe each position held by Plaintiff while he was employed including but not limited to any documents setting forth the job title(s), duties and responsibilities, essential functions, minimum qualifications and reporting relationships for each position he held or was employed in.

10. Any and all employee/personnel or employment policies and procedures which were in effect from January 1, 2003 to present including but not limited to any and all written policies protecting employees from discrimination, harassment and retaliation in the workplace based upon any protected category such as their sexual orientation, disability and family/medical leave.

11. Any and all employee/personnel manuals, handbooks, memorandums and other documents which were in effect from January 1, 2003 to present regarding or relating to an employee's ability to file internal complaints of discrimination, harassment and/or retaliation

**PLAINTIFF JAMES GUERIN'S DECEMBER 6, 2007 NOTICE OF DEPOSITION TO DEFENDANTS**

based upon a protected category under the FEHA, the ADA, FMLA, CFRA or Title VII in the workplace.

12.   Any and all documents setting forth, showing or otherwise relating to Defendant's affirmative defense that it provided reasonable accommodations to Plaintiff while he was employed.

13.   Any and all documents setting forth, relating to or showing any requests by Plaintiff for reasonable accommodations in the workplace.

14.   Any and all documents setting forth, relating to or showing any and all discussions with Plaintiff and any other efforts by Defendant to provide Plaintiff with any reasonable accommodations in the workplace.

15.   Any and all organizational charts for Defendant from January 1, 2002 to present.

16.   Any and all documents setting forth the criteria, guidelines, policies and procedures for any bonuses to be earned by employees in the Director of Marketing – Napa position from December 1, 2005 to present.

17.   Any and all documents setting forth or otherwise showing actual bonuses paid to any Director of Marketing in Napa employed by Defendant from December 1, 2005 to present.

18.   Any and all documents relating to any benefits offered to employees in Director of Marketing positions since Plaintiff's employment ended which were not offered while Plaintiff was employed, if any, including but not limited to the type of benefit, who is eligible to receive said benefit(s), any employer contributions, the value(s) of any said benefits and costs to employees, if any, to receive or participate in said benefit.

19.   Any and all documents describing, comprising, or relating to all employee and management training conducted on behalf of Defendant regarding any and all

**PLAINTIFF JAMES GUERIN'S DECEMBER 6, 2007 NOTICE OF DEPOSITION TO DEFENDANTS**

personnel/employee rights and privileges in the workplace including but not limited to the right to be free from discrimination, harassment and retaliation in the workplace, including on the bases of disability, sexual orientation and family/medical leave, from January 1, 2002 to present, including the date, nature of training, time spent, attendees, and name, address and telephone number of each trainer or presenter.

20.   Any and all documents relating to external complaints of discrimination because of a disability made against Defendant by anyone in California to the California Fair Employment and Housing Commission, the federal Equal Employment Opportunity Commission and/or within any civil complaint from January 1, 2002 to present.

21.   Any and all documents relating to external complaints of discrimination because Defendant did not reasonably accommodate an employee's disability made against Defendant by anyone in California to the California Fair Employment and Housing Commission, the federal Equal Employment Opportunity Commission and/or within any civil complaint from January 1, 2002 to present.

22.   Any and all documents relating to external complaints of discrimination based on sexual orientation made against Defendant by anyone in California to the California Fair Employment and Housing Commission, the Equal Employment Opportunity Commission and/or within any civil complaint from January 1, 2002 to present.

23.   Any and all documents relating to external complaints of discrimination based on family/medical leave made against Defendant by anyone in California to the California Fair Employment and Housing Commission, the Equal Employment Opportunity Commission and/or within any civil complaint from January 1, 2002 to present.

24.   Any and all documents relating to external complaints of harassment made against Defendant by anyone in California to the California Fair Employment and Housing

Commission, the federal Equal Employment Opportunity Commission and/or within any civil complaint from January 1, 2002 to present.

25.   Any and all documents relating to external complaints of wrongful termination in violation of public policy made against Defendant by anyone in California to the California Fair Employment and Housing Commission, the federal Equal Employment Opportunity Commission and/or within any civil complaint from January 1, 2002 to present.

26.   Any and all documents relating to external complaints of discrimination, harassment and/or retaliation based on any protected category under the FEHA, Title VII, the ADA, FMLA or CFRA made against John Carter made by any current or former employee or other individual to the California Fair Employment and Housing Commission, the federal Equal Employment Opportunity Commission and within any civil complaint from the time his employment with Defendant began to present.

27.   Any and all documents relating to any internal complaints to Defendant in California and Canada of discrimination based on disability filed by any employee from January 1, 2002 to the present.

28.   Any and all documents relating to any internal complaints to Defendant in California and Canada that Defendant did not reasonably accommodate an employee's disability from January 1, 2002 to present.

29. Any and all documents relating to any internal complaints to Defendant in California and Canada of discrimination based on sexual orientation by any employee from January 1, 2002 to the present.

30. Any and all documents relating to any internal complaints to Defendant in California and Canada of discrimination based on family/medical leave by any employee from January 1, 2002 to the present.

**PLAINTIFF JAMES GUERIN'S DECEMBER 6, 2007 NOTICE OF DEPOSITION TO DEFENDANTS**

31. Any and all documents relating to internal complaints to Defendant in California and Canada of harassment made by any employee from January 1, 2002 to the present.

32. Any and all documents relating to internal complaints to Defendant in Canada and California of wrongful termination in violation of public policy made by any employee from January 1, 2002 to the present.

33. Any and all documents supporting, relating to or otherwise evidencing Defendant's second affirmative defense that Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation.

34. Any and all documents supporting, relating to or otherwise evidencing Defendant's third affirmative defense that Plaintiff's claims are barred by the doctrines of unclean hands, laches, estoppel, and/or waiver.

35. Any and all documents supporting, relating to or otherwise evidencing Defendant's fourth affirmative defense that Defendant had no knowledge of any alleged discrimination, harassment or other claims alleged by Plaintiff.

36. Any and all documents supporting, relating to or otherwise evidencing Defendant's fifth affirmative defense that Plaintiff has not suffered any damages as a result of any actions taken by Shell or its agents or representatives and Plaintiff is thus barred from asserting any cause of action against Shell.

37. Any and all documents supporting, relating to or otherwise evidencing Defendant's sixth affirmative defense that Shell's actions and practices, alleged or actual, were in conformity with common and statutory law, governmental regulations and industry standards existing at all times alleged in Plaintiff's Complaint.

38. Any and all documents supporting, relating to or otherwise evidencing Defendant's seventh affirmative defense that Shell fully performed any and all statutory and

other duties owed to Plaintiff, and therefore, Plaintiff is estopped to assert any causes of action against Shell.

39. Any and all documents supporting, relating to or otherwise evidencing Defendant's ninth affirmative defense that Plaintiff ratified, agreed to, acquiesced or consented to Shell's alleged conduct.

40. Any and all documents supporting, relating to or otherwise evidencing Defendant's tenth affirmative defense that Plaintiff failed to exhaust his administrative remedies.

41. Any and all documents supporting, relating to or otherwise evidencing Defendant's eleventh affirmative defense that Plaintiff does not have a physical or mental disability as defined by California Government Code § 12926 et seq or the ADA, 42 U.S.C. § 12101 et seq

42. Any and all documents supporting, relating to or otherwise evidencing Defendant's twelfth affirmative defense that Plaintiff failed to request a reasonable accommodation and/or initiate or participate in a meaningful exchange of ideas regarding the availability of reasonable accommodations.

43. Any and all documents supporting, relating to or otherwise evidencing Defendant's thirteenth affirmative defense that some or all of Plaintiff's requested accommodations were unreasonable.

44. Any and all documents supporting, relating to or otherwise evidencing Defendant's fourteenth affirmative defense that Plaintiff was unable to perform essential job duties with or without reasonable accommodations.

45.  Any and all documents supporting, relating to or otherwise evidencing Defendant's fifteenth affirmative defense that to accommodate Plaintiff's alleged disabilities was unreasonable and would have caused an undue hardship to Shell's Operations.

46.  Any and all documents supporting, relating to or otherwise evidencing Defendant's sixteenth affirmative defense that Shell could not engage with Plaintiff in the interactive process to the extent Plaintiff failed to request a reasonable accommodation and/or initiate or participate in a meaningful exchange of ideas regarding the availability of reasonable accommodations.

47.  Any and all documents supporting, relating to or otherwise evidencing Defendant's seventeenth affirmative defense that Shell did not authorize, ratify or approve any alleged wrongful conduct toward Plaintiff.

48.  Any and all documents supporting, relating to or otherwise evidencing Defendant's nineteenth affirmative defense that Shell exercised reasonable care to prevent and correct harassment or other discrimination.

49.  Any and all documents supporting, relating to or otherwise evidencing Defendant's twentieth affirmative defense that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Shell to avoid the alleged harm.

50.  Any and all documents supporting, relating to or otherwise evidencing Defendant's twenty-first affirmative defense that Plaintiff's emotional distress or mental anguish is barred by the exclusive remedy provided by California Labor Code section 3600 et seq.

51.  Any and all documents supporting, relating to or otherwise evidencing Defendant's twenty-third affirmative defense that Shell's alleged conduct was not extreme and outrageous, and any actions taken were for legitimate business reasons.

52.  Any and all documents supporting, relating to or otherwise evidencing Defendant's twenty-fourth affirmative defense that Plaintiff had a pre-existing psychological disorder or of alternate concurrent causes, and Plaintiff's mental or emotional distress or injury were not the result of Shell's alleged conduct.

53.  Any and all documents supporting, relating to or otherwise evidencing Defendant's twenty-fifth affirmative defense that Plaintiff failed to mitigate his damages.

54.  Any and all documents supporting, relating to or otherwise evidencing Defendant's twenty-seventh affirmative defense that Shell's employees and agents acted at all times without malice.

55.  Any and all documents supporting, relating to or otherwise evidencing Defendant's thirtieth affirmative defense that Shell's actions were not "willful" within the meaning of United States Code section 2617.

56.  Any and all documents supporting, relating to or otherwise evidencing Defendant's thirty-first affirmative defense that Defendant's actions were in good faith and with reasonable grounds within the meaning of 29 U.S.C. section 2617 and Cal. Gov't Code section 12945.1 et seq.

57.  Any and all documents supporting, relating to or otherwise evidencing Defendant's thirty-second affirmative defense that Plaintiff either wholly or in part negligently caused by his own damages by his own actions, inactions or delay in acting, and said negligence comparatively reduce the percentage of negligence.

58.  Any and all documents supporting, relating to or otherwise evidencing Defendant's thirty-third affirmative defense that Plaintiff was careless and negligent with respect to the matters alleged in the complaint and such carelessness and negligence

13

proximately caused or contributed to the happening of the events alleged in the complaint and the loss and damaged complained of.

59.  Any and all documents showing, relating to or otherwise setting forth the monthly in-house department tours conducted in San Francisco from January 1, 2002 to present.

60.  Any and all documents showing, relating to or otherwise setting forth the monthly in-house department tours conducted in Napa from June 1, 2005 to present.

61.  Any and all Monthly Efficiency Reports including but not limited to the Monthly OPC Efficiency Report and the Monthly Detail Report for San Francisco from January 1, 2002 to present for all marketing programs including but not limited to the in-house, community Marketing, Fairs and Events and Getaway Mini-Vac.

62.  Any and all Monthly Efficiency Reports including but not limited to the Monthly OPC Efficiency Report and the Monthly Detail Report for all Napa marketing programs from June 1, 2005 to present.

63.  Any and all monthly and annual profit and loss statements for San Francisco from January 1, 2002 to present.

64.  Any and all monthly and annual profit and loss statements for Napa from June 1, 2005 to present.

65.  Any and all documents reflecting, showing or otherwise relating to the volume per tour for all marketing programs in San Francisco from January 1, 2002 to present.

66.  Any and all documents reflecting, showing or otherwise relating to the volume per tour for all marketing programs in Napa from June 1, 2005 to present.

67.  Any and all sales and/or marketing contracts for all marketing programs in San Francisco from January 1, 2002 to present.

68.   Any and all sales and/or marketing contracts for all marketing programs in Napa from June 1, 2005 to present.

69. Any and all Retail Activity Reports for San Francisco – In House Department from January 1, 2002 to present.

70. Any and all Retail Activity Reports for Napa –In House Department from June 1, 2005 to present.

71.   Any and all expense accounts for individuals in the marketing department in San Francisco, including but not limited to Plaintiff, from January 1, 2002 to present.

72.   Any and all expense accounts for individuals in the marketing department in Napa, including but not limited to Plaintiff, from June 1, 2005 to present.

73. Any and all expense accounts and/or reports submitted by John Carter to Defendant at anytime from the commencement of his employment to present.

74.   Any and all penetration reports for all San Francisco marketing programs from January 1, 2002 to present.

75.   Any and all penetration reports for all Napa marketing programs from January 1, 2002 to present

76.   Any and all budgets for San Francisco properties and marketing from January 1, 2002 to present.

77. Any and all budgets for Napa properties and marketing from June 1, 2005 to present.

78.   Any and all documents showing the date the Napa Showroom opened in 2005.

79.   Any and all staffing reports showing marketing employees and their respective job titles for San Francisco from January 1, 2002 to present.

**PLAINTIFF JAMES GUERIN'S DECEMBER 6, 2007 NOTICE OF DEPOSITION TO DEFENDANTS**

80. Any and all staffing reports showing marketing employees and their respective job titles for Napa from the project's inception to present

81. Any and all documents related to John Carter's drinking and/or using drugs on the job, at company functions, on company property or neighboring property, including any documentation of any incidents which arose and any resulting disciplinary action taken.

82. Any and all documents related to any counseling provided to John Carter related to his alcoholism and/or drinking on the job and/or having performance issues related to or caused by his drug and/or alcohol abuse.

83. Any and all surveillance and security videotapes or documentation of any incidents which occurred at or for any of Shell's San Francisco and Napa projects and neighboring hotels including the Meritage and Vino Bello in Napa from January 1, 2002 to present regarding, relating to or evidencing behavior by John Carter.

DATED:      December 6, 2007

THE HUBER LAW FIRM

By:    _____
       BETH A. HUBER
       Attorneys for Plaintiff
       JAMES GUERIN

16